NEHEMIAH MERRITT

*v.*

GEORGIANA MERRITT et al.

A testator clearly indicated an intention to give an annuity of $1,000 to his son N., and for the purpose of securing it directed his executors to appropriate a fund sufficient to yield the annuity and invest it on bond and mort-

Merritt *v.* Merritt.

gage, and to pay the principal after N.'s death to his (testator's) five daughters, or to their respective children, in equal shares; and if any one of said daughters should die without children, her share to her surviving sisters. He appointed four of his daughters executors of his will and gave them the residue of his estate, omitting the other daughter, H. The fund was appropriated by the executors and invested as directed while the legal rate of interest was seven per cent., and it was then ample to produce the annuity. Afterwards the rate was reduced, by statute, to six per cent., and the fund, in consequence, became insufficient to yield the annuity.—*Held,* that N. is entitled to have the annuity secured from the testator's residuary estate, and that neither H. nor her children are necessary parties to the suit of N. for that purpose.

On demurrer to complainant's bill.

*Mr. M. P. Grey* and *Mr. W. H. Hepburn,* for the complainant.

*Mr. Thomas N. McCarter* and *Mr. A. V. Schenck,* for the demurrants.

THE CHANCELLOR.

The complainant's bill alleges that George Merritt, made his will on October 3d, 1871, at Perth Amboy, in this state, in and by which he gave to each of his four unmarried daughters the sum of $10,000; directed his executors to invest $15,000 and pay the income thereof to his married daughter, Isabella M. Hawley during her life, and the principal sum to her children at her death; directed the investment of $15,000 on bond and mortgage and the payment of the interest and income therefrom to his son, in quarter-yearly payments, during his life, and, at the son's death, the payment of the principal to the son's issue, if any, and if none, then to the testator's surviving children, and gave the residue of his estate to his four unmarried daughters, and made those daughters the executrixes of the will.

On the 29th day of December, in the same year, Mr. Merritt executed a codicil to his will in which he provided as follows:

"I do hereby revoke and declare null and void the legacy of fifteen thousand dollars ($15,000) devised and bequeathed by me, in my last will and

Merritt *v.* Merritt.

testament, of date above mentioned, to my son, Nehemiah Merritt, and in lieu thereof I hereby direct the executors of my aforesaid will and testament to invest in bond and mortgage, on good landed securities, sufficient money to produce the annual sum of one thousand dollars ($1,000), the said one thousand dollars per annum to be paid in equal weekly payments to the said Nehemiah Merritt. And it is further my desire that my executor or executors shall cause said one thousand dollars to be placed in a reliable bank in New York city subject to the weekly order of said Nehemiah Merritt, and his receipts will be the discharge for the above. And it is my desire, after the decease of my son, Nehemiah Merritt, the moneys above named, secured by bond and mortgage, shall be divided, share and share alike, between my five daughters; if any one of them should die without heirs, then her share to be divided among the others, but subject to the provisions in my above-named will and testament."

The testator died in December, 1874, and his four unmarried daughters proved his will and the codicil thereto and took upon themselves the executorship. Shortly afterwards, while the legal interest in New Jersey was seven per centum per annum, the executors invested $17,000 to produce the $1,000 annually for the complainant. For a time the $1,000 was promptly paid to the annuitant, then the legal rate of interest was lowered to six per centum per annum, and it became difficult to invest at that rate, and indeed at all, so that, through delay in looking for investments and because of the incidental expenses of the trust, the $17,000 did not yield $1,000 per annum above the expenses of the trust. For a considerable time $600 of the moneys, which should have been deposited in bank for the benefit of the complainant, remained due, undeposited and unpaid to him, and at the filing of the bill, $100 yet remained due and unpaid. The bill also alleges that there remains real estate, belonging to the residue of the estate, not yet divided or sold. Among other things, the bill prays for a decree directing the executors to account for the moneys invested and the income thereof, and ordering the investment of sufficient moneys, from the residue of the estate, to insure the production of a net $1,000 per year for the complainant.

Mrs. Hawley and her children are not made parties to the suit.

The demurrers raise two questions.

First, whether the bill presents a case in which this court has jurisdiction.

Second, whether Mrs. Hawley and her children are necessary parties to the bill.

· It was obviously the intention of the testator to provide and secure out of his estate an annuity of $1,000 for his son. A careful examination of the will and codicil together, brings me to this conclusion.

By the third clause of the will the testator directs the investment of $15,000, and the payment of the income thereof to his son. · At the then legal rate of interest the income would amount to over $1,000, but it would be subject to reduction, by reason of unforeseen contingencies, below $1,000. Evidently the purpose of the codicil is to guard against such a reduction, and to secure for the son a fixed and certain annuity. In order to accomplish this purpose, the testator directed his executors to invest on bond and mortgage a sufficient sum to yield the annuity. The executors, with purpose to comply with this direction, while the legal rate of interest was seven per centum per annum, invested $17,000. Before the residue of the estate was fully disposed of, the legal rate of interest was reduced, by act of the legislature, to six per centum per annum, and, in consequence, the fund proved to be insufficient to yield enough to enable the trustees to meet the incidental expenses of the trust, the losses occasioned by delays in investment, and pay the annuity. In such a case equity will decree the deficiency to be made up against the residuary legatees, as an accident. *May* v. *Bennett, 1 Russ. 370; Davies* v. *Wattier, 1 Sim. & Stu. 463; 1 Story's Eq. Jur. (13th ed.) 100; Jeremy's Eq. Jur. 365; Williams on Exrs. 1402.*

This case, like the cases of *May* v. *Bennett* and *Davies* v. *Wattier,* above cited, depends upon the construction of the testator's will, and is not within the rule that when the appropriation is once duly made, whether by direction of the court or by executors or trustees *in pais,* the legatees entitled to the legacy

for which the appropriation is made must take it subject to its chances of fluctuation. *Roper on Legacies 942.*

As to the second ground of demurrer, Mrs. Hawley or her children will share in the principal of the fund if she or they shall survive Nehemiah Merritt. No contribution to this fund is asked, or can be had, from them. They have no interest in the annuity, the security of which is the object of this suit, but have merely a contingent interest in the fund which is to produce the annuity. If it should be contended that as to them the appropriation of the fund heretofore made is final, then, by making them parties, the complainant's suit may be embarrassed and delayed by an issue in which he has no concern. The only possible effect this suit can have upon the fund is to increase it so that it will be sufficient to yield the annuity. Mrs. Hawley and her children cannot secure for the fund more than the complainant seeks to secure for it. He has the present enjoyment and use of the fund, and they have a mere contingent remainder in it. He and the trustees sufficiently represent the fund and all interests in it. Mrs. Hawley and her children are therefore not necessary parties to the bill. *Calvert on Parties 191.*

The demurrers will be overruled, with costs.