This is a bill in equity for the construction of the will of George Merritt, deceased. The facts are as follows:
George Merritt, a resident of the State of New Jersey, executed his original will on October 3d 1871, a codicil thereto on December 29th, 1871, and then died in Rome, Italy, on December 23d 1873, leaving a widow, Jane E. Merritt, who died on October 2d 1890, one son, Nehemiah Merritt, who died without issue on November 12th, 1922, and five daughters, one of whom, Isabella Merritt Hawley, was then married and had then living four children, viz., two daughters, Wilhelmina, Jeannie (afterwards Jeannie Levee), and two sons, Alan R. Hawley and William Hawley.
Alan R. Hawley and William Hawley were then and ever since have been residents of the State of New York.
The five daughters of testator died in the following order:
Isabella M. Hawley, on September 7th, 1904.
Florence Merritt, on November 14th, 1913.
Helen Merritt, on March 6th, 1914.
Elizabeth Merritt, on June 4th, 1914.
Georgina Merritt, on November 12th, 1918.
Nehemiah Merritt, on November 12th, 1922.
Nehemiah Merritt was the life tenant under the will and codicil of testator, and from the foregoing it will be perceived that all the five daughters of testator predeceased Nehemiah Merritt, only one daughter, Isabella, having married, and she was survived by the four children above mentioned *Page 220 
as her issue. One of the four children, viz., Jeannie Levee, died without issue in 1918.
The particular provision of testator for his son, Nehemiah, and for the five daughters and issue of any deceased child, were contained in the following paragraphs of the will and codicil:
"Third. I order and direct my Executors to invest safely and upon first real estate mortgage and to keep the same so invested, the sum of fifteen thousand dollars and to pay the interest and income thereof in quarterly payments, every year after my decease, to my son Nehemiah Merritt during his life, and upon his decease to pay the said principal moneys in case he should leave any lawful issue, to such issue in equal parts as tenants in common and in case he shall not leave any such issue, then to pay the said principal money to all my surviving children and the children of any deceased child or children the same to be divided equally, the child or children of any deceased child or children taking the same share which the parent if living would be entitled to."
Also codicil:
"This is the codicil to my Last Will and Testament made and published on the 3rd day of October, 1871, in the City of New Brunswick, Middlesex Co. New Jersey, United States of America, by me George Merritt, now of Nice, France, being of sound mind, and having considered I do hereby revoke, and declare, null void, the legacy of Fifteen Thousand Dollars ($15,000) devised and bequeathed by me, in my last will and testament of date above mentioned to my son, Nehemiah Merritt, and in lieu thereof, I do hereby direct the Executors of my aforesaid will and testament, to invest in Bond and Mortgage on good Landed Securities sufficient money to produce the annual sum of One Thousands dollars ($1,000) the said one thousand dollars per annum, to be paid in equal weekly payments, to the said Nehemiah Merritt, and it is further my desire that my executor or executors shall cause the said one thousand dollars to be placed in a reliable bank in New York City, subject to the weekly order of said Nehemiah Merritt, and his receipts will be the discharge for the above — and it is my desire that after the decease of my Son Nehemiah Merritt the Monies above named, Secured by Bond and Mortgage shall be divided share and share alike between my five daughters; if any one of them should die without heirs, then her share to be divided among the others but subject to the provisions in my above named will and testament."
The trustees under the will of testator have all died, and this action is brought by the executor of the will of Georgina *Page 221 
Merritt to obtain instructions as to the disposition of a trust fund of $21,500 provided for in the clause of the codicil above quoted. This fund, it is understood, is now in the court of chancery, less certain expenses and losses, subject to be disposed of pursuant to the final decree herein.
The record shows that at the time of the death of Nehemiah Merritt, the life tenant, on November 12th, 1922, there were then surviving three children of Isabella Hawley, viz., Alan R. Hawley, William Hawley, both of New York State, and Wilhelmina de Koning, of Holland. Subsequent to the death of Nehemiah Merritt, and on February 22d 1923, William Hawley died a resident of New York, giving by will all his property to his brother Alan R. Hawley, also of New York.
The main question at issue it seems to me is as to whether or not the provisions of the will and codicil create a contingent remainder, or whether there was a vested remainder in the children, since deceased. It appears that the life tenant, Nehemiah Merritt, applied to the court of chancery to increase the corpus of the fund set aside for his benefit, so that he might be assured of the $1,000 per year to which he was entitled under the codicil, and this court directed the trustees to add a sum of $4,500 to $17,000 theretofore set aside in order to assure this.
This case is Merritt v. Merritt, 43 N.J. Eq. 11, and48 N.J. Eq. 1.
In the earlier case the chancellor held that the interest of Mrs. Hawley and her children were contingent remainders, saying, "Mrs. Hawley or her children will share in the principal of the fund if she or they shall survive Nehemiah. They have no interest in the annuity, the security of which is the object of this suit, but have merely a contingent interest in the fund which is to produce the annuity. He has the present enjoyment and use of the fund and they have a mere contingent remainder in it."
This language, it seems to me, applies to the will and codicil, which should be construed together, except as the codicil modifies the provisions of the will itself. *Page 222 
The question has been presented as to whether the $4,500, which the court directed to be added to the fund of $17,000, should not revert and be considered as real estate and not personal property, and be distributed without regard to the provisions concerning Nehemiah's trust fund.
I am of the opinion that the whole fund of $21,500 is subject to the provisions of the will and codicil. I think, therefore, that the disposition of this trust fund should be as follows: One-third to Alan R. Hawley, individually; one-third to Alan R. Hawley, as executor of the will of William Hawley, deceased, and one-third to Wilhelmina de Koning.
I will advise a decree according to the above conclusion.