The Chancellor.
The case depends upon the true construction of the second and third clauses of the will of Hiram Van Duyne, of the county of Morris. By the second clause of his will, the testator devised his homestead farm to his son James and his daughter Hetty, equally “ to them, their heirs and assigns for ever, hoping and believing they will do justice hereafter to my grandson, Hiram Van Duyne, to the amount of one half of the said homestead farm.” The third clause contains a devise in similar terms.
The bill claims that the terms of the devise create a trust in favor of Hiram Van Duyne, the grandson, for one half of the land devised in fee, to take effect upon the death of the devisees respectively. The legal position is, that a devise to A. in fee, hoping that he will hereafter do justice to B. to the amount of half of the land, is tantamount to a devise to A. of half the land, in trust for B. from and after the death of A.
This is not the natural import of the terms of the devise. No trust is declared. No condition is imposed. No injunction is laid upon the devisee. A mere hope and belief is expressed that the devisee will do justice to the grandson. It would have been natural for the testator, in case he had designed to create a trust or impose a condition upon the devisee, so to have declared. There is a clear and obvious distinction, which every man understands, between an injunction and an entreaty, between a condition imposed and a hope or belief expressed. The one imposes an obligation, the other rests in discretion. Compliance with the one is voluntary, with the other compulsory. The devise, it will be observed, is to the devisees in fee simple, “ to them, their heirs and assigns for ever.” The hope annexed to that gift, it is claimed, converts that estate pro tanto into an estate for life, *401 ■with remainder in fee in trust for a third party. The testator certainly indicates no such intention. That is not the natural import of the terms used. It is admitted, indeed, that it is not an express trust, but a trust by implication of law resulting from an artificial construction, which courts have given, or ought to give to the language of the testator, to effectuate his real intent and purpose. Knight v. Knight, 3 Beavan 175.
It is an observation incident to all trusts created by precatory words that the testator might, if he had intended, have created an express trust. Knight v. Bouton, 11 Clark & Finnely 553.
And I think it is an equally obvious idea, that if the testator had designed to create a trust at all, he would have done so in express terms, and not have left it to legal inference or conjecture, or at least that the devise would have been such as to render the existence of the trust the result of necessary inference.
It was well said by the Vice Chancellor Hart, that the first case that construed words of recommendation into a command made a will for the testator; for every one knows the distinction between them. Sale v. Moore, 1 Simons 534.
No inference, I think, can be fairly drawn from the terms of this will that the testator designed to create a trust in favor of his grandson. If such had been the intention of the testator, he would have indicated such intention by terms more appropriate to that design. TIis failing to do so is the best evidence that he had no such intention. Such is the fair and reasonable conclusion to be drawn from the terms of the will itself.
But in the construction of wills, terms often acquire a technical meaning, independent of their ordinary and natural signification, which it is incumbent upon courts to adopt and apply.
Have the terms here used acquired such technical meaning as to control their natural import in the interpretation of the will ?
*402 There is, I think, a very obvious distinction, which does not seem to be. clearly recognised in the books, between the creation of a trust and the regulation of a subsisting trust, or the disposal of the trust fund. It would seem to require much stronger and clearer terms in the one case than in the other. The executor is a trustee of the estate of the testator. The will of the testator is the law of the trust and the guide of the trustee. If, therefore, the trustee desires or wishes, or confidently expects that his executor will pay one thousand dollars to his son on his attaining the age of twenty-one, it is certainly no forced construction to regard the language as imperative and as designed to be compulsory. It is but a direction by the creator of the trust to the trustee as to the mode in which the trust fund shall be appropriated. But where the testator, by his will, disposes of part of his estate to another absolutely untrammelled by any condition, unaffected by any express trust, but accompanied by a hope or a confidence that he will dispose of the whole or a portion of it in a specified way, it seems- very remarkable that the mere wish or hope should cancel the gift; should convert the beneficiary into a mere trustee; should not only be the law of the trust and regulate the disposal of the fund, but should create the trust. For this is- the extent of some of the authorities. However absolute may be the gift, the mere hope expressed by the testator at once converts the donee into a trustee for the benefit of another, and regulates the disposal of the fund. And this, too, by a legal inference in the very face of the natural and obvious import of the language of the testator; and strange as it may seem, that inference resting on the assumption that it accords with the intention of the testator. For all the cases agree that here, as elsewhere, the manifest intention of the testator is to be regarded, and unless he intends that the words should be imperative, they are not so. Unless it was intended to create a trust, none is created. “ The real question in these cases always is, whether the wish, or desire, or recommendation that is expressed by the testator is meant to govern the conduct of the party to *403 whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion. That is the real question.” Williams v. Williams, 1 Simons N. S. 367.
It cannot be questioned that the earlier English authorities, adopting the principles of the Roman law, establish the rule, that words expressing hope, wish, expectation, confidence, or recommendation will create a trust as against a devisee or legatee. The cases are very numerous, and will be found collected in 1 Jarman on Wills 335, 348; Hill on Trustees 71, 82; 2 Story's Eq. Jur., § 1068.
The principle settled by the cases, as stated by Lord Eldon, is, that “ whether the terms are those of recommendation, or precatory, or expressing hope, or that the testator has no doubt, if the objects with regard to whom such terms arc used are certain, and the subjects of property to be given are also certain, the words are considered imperative, and create a trust.” Paul v. Compton, 8 Vesey 379.
But the current of authorities of late years has been against converting the legatee into a trustee. Sale v. Moore, 1 Simons 534.
A strong disposition has been manifested by the courts to limit rather than extend the doctrine of raising trusts upon words of recommendation, and as far as the authorities will allow, to give the words their natural and ordinary effect, unless it be clear that they are intended to be used in a peremptory sense. It is obvious that the English courts feel themselves trammelled by the force of the earlier authorities, and question the soundness of the rule which they are constrained to adopt. Thus, in Wright v. Atkyns, 1 Ves. & B. 315, the Lord Chancellor (Eldon), in delivering his opinion, says: “ This sort of trust is generally a surprise on the intention, but it is too late to correct that. Conceiving these cases, upon words of hope, confidence, &c., to be generally decided against the intention, 1 have endeavored to raise a distinction in the defendant’s favor, but cannot. I do not *404 believe tbe testator intended a mere trust, but that must be the construction.” And in Meredith v. Heneage (1 Simons 542), the Lord Chief Baron, in delivering his opinion, said: “ I hope to be forgiven if I entertain a serious doubt whether in many, or perhaps most of the cases, the construction was not adverse to the real intention of the testator. It seems to me very singular that a person, who really meant to impose the obligations established by the cases, should use a course so circuitous and a language so inappropriate, and also obscure, to express what might have been conveyed in the clearest and most usual terms, terms the most familiar to the testator himself, and to the professional, or any other person who might prepare his will. In considering these cases, it has always occurred to me that if I had myself made such a will as has generally been considered imperative, I should never have intended it to be imperative, but on the contrary, a mere intimation of my wish that the person to whom I had given my property should, if he pleased¡ prefer those whom I proposed to him, and who next to him were at the time the principal objects of my regard.” That cannot be a sound principle of interpretation which confessedly defeats the intention of the testator.
In Briggs v. Penny, 3 Mac N. & Gor. 546, the rule was laid down by Lord Chancellor Truro, as the result of the authorities, to be, that “ words accompanying a gift or bequest expressive of confidence or belief, or desire, or hope .that a particular application will be made of such bequest, will be deemed to import a trust upon these conditions: first, they are to be so used as to exclude all option or discretion in the party who is to act, as to his acting according to them or not ; secondly, the subject must be certain; and thirdly, the object expressed not too vague or indefinite to be enforced. Now it is obvious to remark that the mere expression of a hope, or wish, or belief, or request that the devisee will make a particular use of the property, does not naturally import a design to exclude the exercise of discretion by the donee, but to permit its exercise. The technical rule of the Eng *405 lisli courts have, it is true, given them such effect; but it is directly opposed to their natural import and the sense in which they would be used and understood by every man of ordinary intelligence, independent of artificial rules of interpretation. The rule therefore, as stated by Lord Truro, is a material modification of the rule as stated by Lord Eldon.
In conformity with this statement of the principle, the rule has been stated by a recent accurate elementary writer to be, “ where a bequest is accompanied by words expressing a command, recommendation, entreaty, wish, or hope on the part of the testator that the donee will dispose of the property in favor of another, a trust will be created, if the words on the vjhole are sufficiently imperative and the trust and the object be sufficiently certain.” Hill on Trustees 71, (ed. 1857).
A command certainly is sufficiently imperative. So a hope or wish may be, if addressed to an executor or trustee, the trust being created, or if coupled with other expressions indicating a clear intent that they shall operate as a command. But standing alone, and addressed to a legatee to whom property is given by the testator in terms importing an absolute gift, they are not imperative. A wish addressed to my agent, as to the mode of dealing with my property, is tantamount to a command; but a wish addressed to a third party, as to the mode of disposing of his own property, can amount but to a request, and nothing more.
In Ellis v. Ellis, 15 Ala. 301, it was stated by Judge Chilton to be the true rule of interpretation to give such recommendatory expressions their natural, ordinary, and familiar sense; and having arrived at the true intention of the testator, to let that intention, if lawful, be the rule of decision in the particular case.
In the case of Pennock’s Estate, 20 Penn. St. R. 268, after repeated arguments and a very elaborate examination of the authorities, the Supreme Court of Pennsylvania held, that “ words in a will, expressive of desire, recommendation, and confidence, are not words of technical, but of common parlance, and are not prima facie sufficient to convert a devise *406 or bequest into a trust; that such words may amount to a declaration of trust when it appears from other parts of the will that the testator intended not to commit the estate to the devisee or legatee, or the ultimate disposal of it to his kindness, justice, or discretion.”
This conclusion receives strong support from the emphatic language of Justice Story in regard to the principle of construction adopted in the earlier English decisions. “This doctrine (says he) of thus construing expressions of recommendation, confidence, hope, wish, and desire into positive and peremptory commands is not a little difficult to be maintained upon sound principles of interpretation of the actual intention of the testator. It can scarcely be presumed that every testator should not clearly understand the difference between such expressions and words of positive direction and command, and that in using the one, and omitting the other, he should not have a determinate end in view. It will be agreed on all sides, that where the intention of the testator is to leave the whole subject as a pure matter of discretion to the good will and pleasure of the party enjoying his confidence and favor, and where his expressions of desire are intended as mere moral suggestions to excite and aid that discretion, but not absolutely to control or govern it, there the language cannot and ought not to be held to create a trust. Now words of recommendation and other words precatory in their nature imply that very discretion, as contra-distinguished from peremptory orders, and therefore ought to be so construed unless a different sense is irresistibly forced upon them by the context.” 2 Story’s Eq. Jur., § 1069.
I am not aware that the subject has ever undergone judicial investigation in this state. The only reported case that has been brought to my notice is Ward v. Pelloubet, 2 Stock. 304. But that was a case of clear trust, and falls within the principle above stated. All the property was given by the testator to his wife, to be disposed of in such manner as she might think fit for the benefit of the family. The testator’s expressed wishes in regard to the disposition of the *407 property were very properly held to be imperative, and that the property, on the death of his wife, went to his children equally. In the absence of any adjudicated case or any settled rule of construction, I feel at liberty to adopt such rule of construction as seems best calculated to effectuate the intention of the testator. I think there is nothing in the will indicating an intention to create a trust in favor of the complainant. The gift to the testator's children is absolute in its terms. The expression of a hope or belief as to the mode of disposing of the property created no qualification of the gift. There is nothing in the will indicating that the testator used the terms in any other than their natural and ordinary sense, or that he designed them to be imperative. On the contrary, the form of the expression seems to import directly the reverse, and that the disposition of the matter was to be left to the discretion of the devisees. The testator does not request, or even hope that the devisees will give the complainant one half of the real estate within one year after his death, or on the death of the devisees, or at any other time, or that they will do him justice by giving him half the farm. He hopes merely that they will hereafter do him justice to the amount of one half of the land. How that is a form of expression that would have been adopted, if there was something in the character or circumstances of the grandson, known to the testator and his children, which required the exercise of discretion, which might or might not render it proper at some future time that he should have a share of the property, and which the testator designed, by adopting this peculiar form of expression, to leave to the discretion of his children. The testator neither indicates the estate which the grandson is to receive, nor when he is to receive it, nor whether he is to have the land itself, or the value of the 'land in money. All this is obviously left to the discretion of the devisees. To convert the property into a trust fund would defeat the real design of the testator.
The form of expression used in this will, and which is re *408 lied on as creating a trust, would not have been resorted to by any experienced scrivener for the purpose of creating a trust, nor would it have been adopted by any man inops eonsilii as a mode of making an absolute gift.
If the terms of this will are held, in conformity with the prayer of the complainant’s bill, to create a trust of one half the lands on the death of the devisees for the use of the grandson, it is clear that the court must make the will.
No trust is created by the second and third clauses of the will in favor of the complainant. He is not entitled to the relief prayed for.