## LYDIA C. WOOD

*v.*

## THE CAMDEN SAFE DEPOSIT AND TRUST COMPANY.

A testatrix gave one-third of her residuary estate to her daughter Lydia absolutely. By a codicil she provided, "I desire that one-half of the share of the property inherited from me by my daughter Lydia shall be placed in trust, the Camden Trust Co. acting as trustee."—*Held*, (1) That the Camden Safe Deposit and Trust Co. was the trustee intended. (2) That, reading the will and codicil together, the testatrix meant that Lydia herself should be the *cestui que trust* of the one-half of the share thus given to her.

On final hearing, on pleadings and proofs.

*Mr. H. M. Cooper*, for complainant.

*Mr. S. H. Grey*, for defendants.

BIRD, V. C.

This bill is filed for the construction of the will of Elizabeth C. Collins, deceased, in so far as the said will, and the codicil thereto, affects the interests of the complainant.

The testatrix ordered that all the residue of her estate should be divided into three equal parts, and one-third part she gave and devised to her daughter, the complainant, " her heirs, executors, administrators, assigns, to and for her and their only proper use and behoof forever." In like manner she gave and devised one-third to each of her other two daughters.

The codicil is in these words :

"I desire that one-half of the share of the property inherited from me by my daughter, Lydia C. Wood, shall be placed in trust. The Camden Trust Co. acting as trustee."

The lands embraced in this provision are of considerable value, and, of course, the proper construction is regarded as of great importance.

It will be perceived that the gift to Lydia, in the will, is absolute, and that the change or qualification in the codicil, extends only to one-half.

The two important questions raised by the pleadings are : Has the testatrix succeeded in her effort to create a trust? And, if so, who is the beneficiary? It appears that there is no such institution as the " Camden Trust Co. ;" but we need not hesitate about that; the court has ample power to supply any want of completeness in that regard.

First. I have no doubt that the testatrix intended to separate the one-third given to Lydia into two parts. She did not intend to allow the legatee and devisee to have the control of the principal of the one-half. She intended to do something with that one-half different from what she had formerly declared in her will. She desired to establish a trust, and said so. Has she done anything more than simply to declare a desire to create a trust?

Counsel for complainant thought that the true way to get at the meaning of the testatrix was to read the codicil in connection with the original gift, and to give to it a precatory significance. It will aid us in so reading, but the conclusion suggested would be a misapplication of the word " desire," as it is here used. The word " desire" is not, in the application made of it by the testatrix, the expression of a request, recommendation or entreaty addressed to the legatee or devisee ; but it is an ·order, direction or command, addressed to the executors of the will. Let the two so be read, and such reading cannot fail to make such impression. This is a fair presentation of it: " I order my estate to be divided into three equal parts, and one of said parts I give to my daughter Lydia, her heirs and assigns, forever ; but, nevertheless, I desire that the one-half so given to her shall

be placed in trust " &c. No one can fail to see but that some such expression or juxtaposition more clearly brings out the real meaning of the testatrix. At the same time it shows conclusively that the word " desire " was not used in any precatory sense, but by way of direction or command. No duty is more clearly enjoined on the executors than to place the one-half of this one-third in trust, if, in other respects, the will of the testatrix has been clearly enough made known.

I have examined a great many authorities, both English and American, but I have been unable to find one in which the word " desire," or any other word of similar import or use, and used in any such connection as in the case before me, has been construed by the courts, as intended to influence or control the legatee or devisee. In every case that I have met with, the expression used has been directed to the legatee or devisee in some such manner as to show that a trust or duty was imposed on him. The authorities will be found in *Perry on Trusts* § *112, notes;* and in *Pomeroy's Eq. Jur.* §§ *1014, 1015, notes;* and *1 Lewin on Trusts (Am. Law Series) 130, 131, notes.*

But, secondly, it was not enough for the testatrix to say that she desired the one-half of the one-third to be placed in trust. It was equally necessary for her to name the beneficiaries. This she need not do directly, but there must enough appear on the face of the will to enable the court to determine who was intended to be benefited by the trust. In the codicil before me no reference is made directly to any one as the beneficiary.

But is there any real doubt as to who was intended? Reading the will and codicil together, as we may, are we not made reasonably certain who was intended? This is all the certainty that is required. *Hutchinson* v. *Tindall, 2 Gr. Ch. 357; Brown* ads. *Combs, 5 Dutch. 36; Perry on Trusts* §§ *82, 83; Hill on Trustees 61.*

In my judgment, there is no serious doubt. I am satisfied that the testatrix meant that her daughter Lydia should be the beneficiary. She only intended to withdraw from her control one-half of the principal. I cannot read the will and codicil in any other sense than is indicated by the following : " I give and

Wood *v.* Camden Safe Deposit Co.

devise the one-third of the residue of my estate to my daughter
Lydia, her heirs and assigns, forever; but the one-half of the
said one-third, I order to be held in trust for her, and to that
end, I appoint the Camden Safe Co. trustee." It seems to me
that this is just as plain as though the testatrix had said, in the
body of her will: "I give the one-half of the one-third of the
residue of my estate to the Camden Trust and Safe Deposit Co.,
to be held by it, in trust for my daughter Lydia, during her
natural life, and the other one-half of the said one-third, I give
to my said daughter, in fee, to her and to her heirs and assigns
forever."

As to the effect of the statute of uses on this devise, I ought
not now adjudge. If a trust should be declared, where the
statute of uses would cast the fee was only hinted at, but not in
any sense discussed. The influence of that enactment may extend
to this case, and at once carry the entire estate, and every interest,
both legal and equitable, to the *cestui que trust*, but I am not at
liberty to attempt to dispose of it until counsel have had an
opportunity of being heard.

I will advise a decree in accordance with these views.