ULRICH EBERHARDT, administrator of Jules T. Vinot, deceased, appellant,

*v.*

FRANCOISE C. PEROLIN, respondent.

1. One Vinot, by holographic will, bequeathed $2,000 to Francoise Cuaz Perolin and $20,000 to Charles D'Assier, absolutely. Later in the will he disposed of the residue of his estate as follows :

" To my beloved wife Margaret Vinot I give the Balance of my Personal: and Real Estate to dispose of it as she will Elect I would however *recomand* to her to increase the fund of the first *Prysbiterian* church of Mendham New. Jersey to double the amount set apart in this instrument *and at her Plaisure if My Wife feel dispose to do so but it is not obligatory Also to increase the donation to Francoise Cuaz Perolin of Two thousand Dollars $2,000 in the Events of said' Francoise Cuaz Perolin remained with my Mother* to the End of her life and this. gift*h* of my Wife to be left to her when my Wife has departed this life so as. to make her part of my Estate equal or of the same Amount as that left by me in this my last will to charles D'Assier, in this my last will and testament."

2. The italicised words were plainly interlined after the will was originally- drawn.—*Held,* that the words in italics relate to the donation to Perolin, expressly leaving it to the discretion of the wife whether the gift to Perolin shall be increased.

---

On appeal from a decision of the ordinary, whose opinion is. reported in *Eberhardt* v. *Perolin, 3 Dick. Ch. Rep. 592.*

Eberhardt v. Perolin.

*Mr. Joseph D. Bedle* and *Mr. William J. Gibson,* for the appellant.

*Mr. John C. Besson* and *Mr. Mahlon Pitney,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

Jules T. Vinot, by his last will and testament bearing date October 28th, 1886, after bequeathing to Francoise C. Perolin, the respondent, the sum of $2,000, and to the First Presbyterian Church of Mendham, New Jersey, the sum of $2,000, provided as follows:

"To my beloved wife Margaret Vinot I give the Balance of my Personal and Real Estate to dispose of it as she will Elect   I would however *recomand* to her to increase the fund of the first *Prysbiterian* church of Mendham New Jersey to double the amount set apart in this instrument and at her Plaisure if she My Wife feel dispose to do so but it is not obligatory  Also to increase the donation to Francoise Cuaz Perolin of Two thousand Dollars $2,000 in the Events of said Francoise Cuaz Perolin remained with my mother to the End of her life and this gifth of my Wife to be left to her when my Wife has departed this life so as to make her part in my Estate equal or of the same Amount as that left by me in this my last will to charles D'Assier" &c.

Margaret Vinot, the wife of the testator, died within five days after the death of the testator (which occurred on the 28th of March, 1888), and before the said will was admitted to probate.

The will is in the handwriting of the testator, and the words "and at her Plaisure if she My Wife feel dispose to do so but it is not obligatory" were interlined, in his own handwriting, after the will was originally drawn.

The question for decision is, whether a trust was created in favor of Francoise Cuaz Perolin to the amount of $18,000, payable to her upon the death of both the testator's mother and wife?

Is the recommendation in the testator's will in favor of this legatee imperative?

As I read this will, the doctrine of precatory trusts is not involved in the construction of it.    Before the interlineation there were two matters which the widow was recommended to do :  one, to increase the gift to the church ;  the other, to increase that to Perolin.    These were not connected by the copulative conjunction " and," but by the word " also."    Then the testator interlined  the words " and at her plaisure " &c., and he thereby connected the two clauses ;  and the language following the word " and " relates  not to the former but to the latter clause, leaving the widow a plain discretion as to the donation to Perolin.

The fact that "A" in the word " also " is a capital letter has no significance, as, in the same connection, other words are improperly commenced with a capital letter.

The will recommends the wife to increase the gift to the church, and also recommends her to increase the gift to Perolin if she feels disposed to do so, but it is not obligatory.    The testator did not intend to make the increase to Perolin imperative, but to leave it discretionary with his wife, so as to secure Perolin's good behavior to his mother.

The power of the orphans court to take cognizanze of this case has not been raised in this court or in the court below, and no opinion is expressed upon it.

The decree of the ordinary should be reversed.

*For reversal* — THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, SMITH, WHITAKER—11.

*For affirmance*—DEPUE, SCUDDER, CLEMENT—3.