MARY A. H. COX et al., executors of Lydia H. Leeds, deceased,. appellants,

*v.*

HANNAH WILLS et al., respondents.

1. A will requiring a distribution by the wife of such balance of her husband's estate, among his near relatives, as she may not use for her comfortable maintenance, creates a trust, first, for her support, and, second, for the support of the next of kin of the husband.

2. Such comfortable maintenance shall be taken from the estate of the husband, and not in part from her separate property. When these funds have been mingled by her, without fraud, equity will follow and separate them after her death, imposing the burden of separation on the wife's representatives.

3. Permanent improvements on the homestead, made by her will, charged to her separate estate ordinary repairs and expenses allowed from the husband's estate.

4. Costs and expenses of suit will be paid out of commingled funds in the hands of the wife's executors, complainants in the action.

On appeal from a decree advised by Vice-Chancellor Pitney,. whose opinion is reported in *Cox* v. *Wills, 4 Dick. Ch. Rep. 130:.*

*Mr. Charles E. Hendrickson,* for the appellants.

*Mr. Mark R. Sooy,* for the respondents.

The opinion of the court was delivered by

SCUDDER, J.

The true construction of the will of John Leeds, deceased, was properly determined by the decree in this cause, holding that the widow took a trust title in the residue of his estate, and that it did not make an absolute disposal thereof to her. But the decree should be modified and changed as to the accounting in the settlement of her estate and the distribution of the fund in her hands at her death. This is necessary to fulfill the purpose

of the testator, that she might use for her comfortable support so much as was reasonable and sufficient for her living expenses. The testator's personal property at the time of the settlement of his estate December 1st, 1868, amounted to the sum of $4,052.63, after paying to his wife a specific legacy of $500 and excluding the household goods bequeathed to her. He also owned the house that they occupied, which continued in her possession until her death. She survived him twenty-one years. It appears that her separate property, including the legacy of $500, amounted to about $1,300. They were childless; she was the special object of his bounty, and the only beneficiary named in his will. After her husband's death she received and invested all his money, mingling it with her own, and used the interest from the investments for her support. At her death the inventory of her estate, thus mingled, amounted to $8,626.12, and on final settlement there remained $7,445.10, besides household furniture, which she divided among legatees by her will. The contest is between these legatees, represented by the complainants, who are the executors of her will, and the defendants, who are the next of kin of the husband, John Leeds, deceased. There is no question as to the homestead dwelling-house, which was purchased by John Leeds after his will was made, and goes to the husband's next of kin, at the wife's death, as part of the residue of his estate. Nor is there any dispute as to her manner of living, which was careful and economical. It was within the amount of a reasonable and comfortable maintenance according to the testimony of all the witnesses who have testified.

That she should have kept the trust fund received from her husband's estate separate from her own, and charged the expenses of her maintenance to this fund, is now evident. But by mingling this with her own, she incurred no penalty or forfeiture, without fraud, of which there is no pretence in the case. *Pratt* v. *Douglas, 11 Stew. Eq. 516, 540.* Equity will follow and separate them, and will put upon the trustees the burden of distinguishing what is his. *Central Bank of Baltimore* v. *Connecticut Mutual Life Ins. Co., 104 U. S. 54; Perry Trusts § 447.* It is evident that she supposed the bequest of the residue of the estate

Cox *v.* Wills.

'by her husband's will gave her an absolute title, and this seems to have been so doubtful to the minds of those who are settling her estate, that they have called upon the court to remove the uncertainty before they will make distribution. What she has not done the court must now do, and there is no difficulty on the proofs that have been offered in stating the account, showing her receipts from the investments of moneys belonging to her husband's estate, and the amount she has used for her comfortable maintenance, from the time the balance came to her hand, as trustee, on the settlement of the final account in the orphans court. If there is any doubt as to the reasonableness of her expenditures, further proofs may be taken on reference to state the account. Her own estate and its accumulations, by this accounting, will be separated from the general funds in the hands of the executors of her will, and can be distributed under it.

In stating the account, no credit should. be allowed to her estate for permanent improvements put on the building by her, while in her occupation after her husband's death, though an allowance may be made for repairs, necessary to her comfort and for preserving the property, to a reasonable amount. *Pratt* v. *Douglas, 11 Stew. Eq. 542.*

As the difficulty in settling the estate of Lydia H. Leeds, which has led the complainants, executors of her will, to file this bill for the direction of the court, has been caused by the will of John Leeds, deceased, and a reasonable doubt of its true meaning, and the proper method of accounting under it, as well as by the intermingling the trust fund, the costs should be paid out of the money in the hands of these executors, and reasonable counsel fees allowed, before any account is stated between the parties.

The decree will be reversed and a reference ordered, according to the views above expressed.

*For reversal*—DEPUE, DIXON, MAGIE, REED, SCUDDER, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, SMITH, WHITAKER—12.

*For affirmance*—None.