REBECCA DEACON et al.

*v.*

FREDERICK K. COBSON et al.

[Submitted December 8th, 1913.  Determined February 20th, 1914.]

1. Testatrix, after giving all her property to her daughter, provided "but it is my wish and desire, and I hereby request my said daughter to keep intact, so far as may be possible and practicable, the body of my estate  *  *  *  using only the rents, issues, profits and income therefrom for her own separate use and maintenance," and "I further desire and hereby request my said daughter to make a will wherein and whereby she shall devise and bequeath all the *corpus* of my estate,  *  *  *  or so much as may be intact and remaining at the time of her death," to certain designated beneficiaries therein enumerated.—*Held,* that the words "wish," "desire," and "request," as used in the will, operated to create a trust in favor of the beneficiaries specified therein.

2. The words requesting the daughter to make a will devising the *corpus* "or so much as may be intact or remaining at her death," did not import a power of disposition in the daughter, which would operate to defeat any attempted gift over when read in connection with the prior provisions.

Hearing on motion to strike out bill for want of equity.

*Mr. Samuel A. Atkinson,* for the complainant.

*Mr. Lewis Starr,* for the defendant.

LEAMING, V. C.

The bill is for the enforcement of a trust which is asserted to have been created by the last will and testament of Mary Ann Pew, deceased. The present motion calls for a construction of that will to the end that it may be determined whether its residuary clause creates a trust.

After provisions directing the payment of debts and funeral expenses, and bequeathing jewelry and household goods, the will proceeds as follows:

"*Third.* All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated and whatsoever the same may be, I give devise and bequeath to my daughter, Theodosia Borden, her heirs and assigns forever, but it is my wish and desire, and I hereby request my said daughter, Theodosia Borden to keep intact so far as may be possible and practicable, the body of my estate which she is to receive by virtue of this third item of my will, using only the rents, issues, profits and income therefrom for her own separate use and maintenance. And I further desire and hereby request my said daughter, Theodosia Borden, to make a will wherein and whereby she shall devise and bequeath all the *corpus* of my estate which she is to receive by the third item of this will, or so much as may be intact and remaining at the time of her death, as follows:

"To Mary B. Borden, widow of my grandson, Frank P. Borden, one thousand dollars, and the balance to the following persons in equal shares, viz.: John D. Marter, Daniel Marter, Rebecca Deacon, Jane R. Atkinson, Sarah A. Black, and Elizabeth Davis. And in case any of the last aforesaid persons, except Mary B. Borden, should be deceased, leaving lawful issue at the time of the death of my daughter, I desire said deceased persons share to go to his, her or their child or children, their heirs or assigns, share and share alike."

A codicil to the will, made some eight months later, is as follows:

"I, Mary Ann Pew, of Mount Holly, New Jersey, do, this ninth day of December, A. D. 1902, make and publish this codicil to my last will and testament, in manner following, that its to say:

"Elizabeth Davis, mentioned in the third clause of the within will, having recently departed this life, I hereby revoke the request to my daughter, Theodosia Borden, to will her share to her child or children, and in place thereof, to will to David Harry Wright, the sum of five hundred dollars ($500)."

The question for determination is whether the words "wish," "desire" and "request," as used in that will and codicil, are

operative to create a trust in favor of the persons named by testatrix.

A rule of construction early adopted by the English court of chancery was to the effect that when, by will, property is given absolutely to a person, and the same person is by the testator "recommended," "entreated," "requested" or "wished" to dispose of that property in favor of another, the recommendation, request or wish will be held to be imperative and to create a trust, if the subject and objects of the trust are certain. That rule of construction was adopted by our court of last resort more than half a century ago, and has since been uniformly recognized by the courts of this state; it cannot be now questioned in this court. *Van Duyne* v. *Van Duyne, 15 N. J. Eq. 503; Eddy* v. *Hartshorne, 34 N. J. Eq. 419; Wood* v. *Camden Safe Deposit Co., 44 N. J. Eq. 460; Eberhardt* v. *Perolin, 48 N. J. Eq. 592; S. C.* (reversed on appeal, but soundness of rule not questioned), *49 N. J. Eq. 570; Cox* v. *Wills, 49 N. J. Eq. 130; S. C.* (reversed only as to method of accounting), *49 N. J. Eq. 573.* It necessarily follows that the requests of testatrix in the will and codicil here in question must be given the same force as though the language adopted by testatrix had been, wherever the word "request" occurs, it is my will and I do hereby order and direct. With this rule of construction uniformly recognized by our courts for so long a period of time, testators and scriveners may be said to have been privileged to rely upon its existence and future recognition.

It is urged, however, that the words "or so much as may be intact or remaining at the time of her death" disclose a power of disposition in the first donee which will be operative to defeat any attempted gift over, upon the theory that a gift over is inconsistent with a prior gift with an unfettered right of disposition.

I am unable to give that force to the words referred to. It will be observed that the first direction is for the first donee

---

"to keep intact so far as practicable the body of my estate which she is to receive by virtue of this third item of my will, *using only the rents, issues, profits and income therefrom for her own separate use and maintenance.*"

That provision clearly limits the right of disposition to the income. The subsequent provision referring to "so much [of the *corpus*] as may be intact and remaining at the time of her death" must be read in connection with the prior provisions and reconciled with them if possible. Thus read, it does not clearly import a power of disposition of the *corpus*. The *corpus* of an estate held in trust may well become less in value and changed in its specific securities and may be substantially diminished through losses for which the trustee would be in no way at fault or responsible, and a parenthetical clause referring to "so much as may be intact and remaining" at a given time may be appropriately so understood, when preceded by a clear and explicit direction, that the income only should be used by the trustee.

My conclusion is that under the rule of construction which obtains in this state, the requests contained in the will and codicil will be understood as imperative; when so understood, the gift of the *corpus* must be regarded as in trust for the purposes specified; the right of disposition being expressly restricted to the income in the first instance, the subsequent parenthetical reference to the part of the *corpus* remaining at the death of the trustee cannot be regarded as a repugnant provision bestowing upon the trustee an unlimited and unfettered right and power of disposition of the *corpus* and operative to defeat the intended gift over.

I will advise an order denying the motion to strike out the bill.