LENA STEINHART et al., complainants,

*v.*

BENJAMIN WOLF, defendant.

[Submitted December 5th, 1923.  Decided December 7th, 1923.]

1. The words "in the event of the death," or words of like import, used in a will in connection with a gift over, unexplained by the context, and not specified in the will, refer to death happening before the death of the testator, and the first legatee takes absolutely if he survives the testator, and the gift over is defeated.

2. Where a will provides that a son shall receive "such portion as my wife * * * may see fit to give him," there is nothing obligatory on the wife to give the son any part of the estate, and no implied trust in favor of the son arises from these words.

On bill, &c.

*Mr. Francis Child,* for the complainants.

*Mr. Henry H. Dawson,* for the defendant.

FOSTER, V. C.

This is a suit for the specific performance of a contract for the sale of real estate in the city of Newark.

The case has been submitted on the pleadings and defendant in his answer states that he has refused to perform the contract to purchase the property because complainants have only a life estate therein and cannot convey to him an estate in fee in the property.

This objection rests upon the provisions of the second paragraph of the last will and testament of Henry Steinhart, bearing date February 1st, 1911, and who died on March 2d, 1916, leaving him surviving his widow, the complainant, Lena Steinhart, and his son, Harry, their only child.

Lena Steinhart has been in possession of the premises since the death of her husband, and the son, Harry Steinhart, who is married, has been duly adjudicated a bankrupt.

After providing for the payment of debts and funeral expenses, the will is as follows:

"Second: I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my beloved wife, Lena Steinhart, to have and to hold to her, my said wife, and to my son, Harry Steinhart, such portion as my wife, Lena Steinhart, may see fit to give him, in the event of my wife's death, all the estate, real and personal, is to go to my son, Harry Steinhart, in the event of my son's death, all the estate is to go to [real and personal] and be divided equally among Emma Raith and George Wheeler."

The relation, if any, of these last-named parties to the testator is not disclosed.

Lena Steinhart was duly named and has qualified as executrix. The will contains no express power of sale. It is admitted that the family life of Mr. and Mrs. Steinhart and their son was a very happy and harmonious one.

The George Wheeler mentioned in the will is one of the complainants and does not claim any interest in the premises in question. Mrs. Emma Raith, mentioned in the will, has died since the death of the testator, leaving a number of heirs, including the above-mentioned George Wheeler.

Defendant contends that by the use of the words "in the event of my wife's death," and the words "in the event of my son's death," testator indicated an intention to merely give his widow a life interest in his property, with remainder to his son, Harry, for life, with remainder in fee to Emma Raith and George Wheeler.

In other words, defendant claims that the contingencies thus provided for relate to the events mentioned occurring after the death of the testator.

It is well settled by a uniform line of decisions in this court and in the court of errors and appeals that the words "in the event of the death," or words of like import, used in connection with a gift over, unexplained by the context, and

not specified in the will, refer to the death happening before the death of the testator. *Barrell* v. *Barrell, 38 N. J. Eq. 60; Burdge* v. *Walling, 45 N. J. Eq. 10; Dranow* v. *Sherry, 80 N. J. Eq. 447.*

Mr. Steinhart by his will bequeathed and devised the entire residue of his estate to his widow, and as the event which he had in mind in using the expression quoted is not more definitely or specifically stated in any part of the will it follows that this expression of a contingency, in the language of Chief-Justice Gummere, delivering the opinion of the court of errors and appeals, in *Dranow* v. *Sherry, supra,* "can only refer to the contingency of the death of the first legatee happening during the lifetime of the testator, and so, in construing bequests of this character it has become a settled rule in the law of wills that the first legatee takes absolutely, if he survives the testator, and the gift over is defeated." Citing *Jarm. Wills (6th Eng. ed.) ch. 56, sec. 1,* and *Hawk. Wills 254,* &c.

Defendant further contends that the will shows that testa-tor did not intend to give his widow the residue of his estate absolutely, because he provided that his son, Harry, should have "such portion as my wife \* \* \* may see fit to give him," and that as a result the widow took some portion of the estate in trust for Harry.

The argument in support of this contention is that the widow is required, under this provision of the will, to give Harry some portion of the residue; that this requirement deprives her of the unlimited power of disposition, which is essential to create an estate in fee, and therefore as· to some undefined portion or amount of the residue, the widow holds title not in fee, but as trustee for Harry; that this relation arises under the doctrine of implied or precatory trusts, because it was the expectation and intention of the testator that his wife should give some portion of his estate to his son, and that she cannot refuse to give him anything, as the trust is to give him something.

One fault in this contention is that it is directly contradictory to the provision which testator made for his son, viz., "such portion as my wife * * * may see fit to give him." There is nothing in these words of the testator that makes it obligatory for the widow to give the son any part of the estate; the matter is left entirely to her whim, or discretion or generosity; the son is to get only what his mother may "see fit to give him." If she does not see fit to give him anything, she is acting strictly and literally as testator directed.

Furthermore, it is the well-settled rule that an implied trust will not arise unless the person or object intended to be benefited thereby is properly and definitely described, and the amount of property to which the trust shall attach is sufficiently defined, and this is especially so where a construction creating such a trust would be a contradiction of the terms in which the preceding bequest is given, or where, from all the circumstances, it is more probable that testator meant by the expression he employed to communicate a mere discretion. *Eberhardt* v. *Perolin, 48 N. J. Eq. 592; Lew. Trusts (3d ed.) 167, 168, 171,* &c.

In the present will, while we have the person to be benefited—the son Harry—definitely described, there is no definite part or amount of the estate designated from which he is to derive any benefit, and it clearly appears that his mother, the first taker, is expressly given the discretionary power to control or defeat the desire or purpose expressed by the testator.

Under these circumstances an implied trust does not arise, and as I find nothing else in the case to indicate that Lena Steinhart is not the owner in fee of the premises in question, the decree for specific performance will be advised.