A bill is filed by the complainants as trustees under the will of one Elizabeth M. Husted, praying for a construction *Page 379 
of the will of said Elizabeth M. Husted. The fourth clause of said will provides as follows:
"I give, bequeath and devise an equal half part of all my real, personal and mixed property unto my daughter, Ella T. Husted, or to her heirs and assigns, forever, including that of section second of this indenture."
And is operative as a gift in fee-simple, and is not limited by section 5, subclause D, which reads:
"In case of death of my daughter Ella T. Husted should she die intestate and the estate having been held intact, the income which she would receive should she be living shall be paid to my daughter Mary P. Husted should she be living or to her child or children should there be any living at that time."
The precise point was determined by the chancellor in 1861, inAnnin's Executors v. Vandoren's Administrators, 14 N.J. Eq. 135.
In that case a testator, by his will, bequeathed to his four daughters, A.L., E.A., L.V. and M.V., the residue of the proceeds of the sale of certain real estate and all his rights and credits (after payment of his debts and expenses) to them and their heirs, share and share alike, to be paid as soon as the estate could conveniently be settled. Lenah, one of the daughters, having received her share of the funds from her father's executors, died without issue, leaving a part of her share unexpended in the hands of her agent. On a bill filed by the executors of the testator to determine the true construction of the bequests to Lenah, the court held that the bequest over after the death of Lenah without issue was void, being inconsistent with the absolute power of disposition conferred upon the legatee. The chancellor went further, and said the executors of the testator were justified in paying over the money to Lenah without security, and they would have been justified in so doing even if the limitation over had been declared valid.
This case is followed by Vice-Chancellor Backes in Bunnell,Executor, v. Beam, Administrator, 86 N.J. Eq. 101. The same principle was held by the court of errors and appeals inMcCloskey v. Thorpe, 74 N.J. Eq. 413. *Page 380 
Chief-Justice Gummere, in Brohm v. Berner, 95 N.J. Law 85, said:
"The effect given to this provision in Annin v. Vandoren
was commented upon, approved, and followed by us in the late case of McCloskey v. Thorpe, 74 N.J. Eq. 413; 69 Atl. Rep. 973.
There the testator by his will directed that the proceeds of the sale of his sawmill be paid over to his wife, to whom he also bequeathed all of the personal property of which he was possessed, and then provided that, `if there should be anything left after her death,' it should be divided among specified beneficiaries. We held that the effect of the words quoted, unlimited as they were by any other provision of the will, conferred an absolute power of disposal upon the wife, and that the gift over of what was left was void. It is true that in these two cases the testamentary disposition was of personal property, not of real estate. But, as is pointed out by Chancellor Green inAnnin v. Vandoren, the authorities upon the point [and many of them are cited by him] sustain the principle in regard to devises of real estate as well as legacies."
This language was quoted by Vice-Chancellor Backes in Bunnell
v. Beam, supra.
The same principle of law is followed in Drake v. Byram,100 N.J. Eq. 343. The last pronouncement is Kleaver v. Jacobs,104 N.J. Eq. 406, affirmed by a per curiam opinion in the court of errors and appeals upon the opinion of Vice-Chancellor Leaming (107 N.J. Eq. 139), in which he follows Annin v.Vandoren, supra, and adds "this rule of construction has been so frequently recognized by the courts of this state that citation of the several cases seems inappropriate."
In Gaston v. Ford, 99 N.J. Eq. 592, Vice-Chancellor Buchanan said, "that there are certain fixed and established legal rules or principles governing the interpretation and effect to be accorded to testamentary disposition of this kind, is not denied; the dispute arises as to the application of the rules in the instant case. The rules are the same whether the gifts are of realty or personalty. Pratt v. Douglas, 38 N.J. Eq. 516; Hyde
v. Hyde, 88 N.J. Eq. 358." *Page 381 
Clause F of the fifth section reads:
"In case of death of both my daughters Mary P. Husted and Ella T. Husted should they die without issue, it is my wish the rest and residue of my estate be given in fee-simple to All Saints Episcopal Church, now located on South Chelsea avenue, Atlantic City, New Jersey."
In Deacon v. Cobson, 83 N.J. Eq. 122, Vice-Chancellor Leaming held that the words "wish," "desire" and "request" as used in the will then under consideration operated to create a trust in favor of the beneficiaries specified therein.
An examination of the entire will makes it manifest that the testatrix desired her daughter Ella T. Husted, in whom she had confidence (which was evidenced by her appointment as executrix of and trustee under her will) to have a fee in one-half of her residuary estate; that the daughter Mary P. Husted should receive the income from the remaining half of the residuary estate during her lifetime and that upon her death without issue, said income should be paid to Ella T. Husted, and that in the event of the death of both of the daughters without issue, the principal of the one-half of the residuary estate, the income of which had been paid to Mary P. Husted, should go to All Saints Episcopal Church.