The complainant, Adrian H. Ryder, individually and as executor of the estate of Matylde M. Ryder, deceased, has petitioned the court to construe decedent's will and for instructions as to the manner of distribution to be made by the *Page 361 
complainant under the terms of the will and the codicils annexed thereto, and has also asked the court to determine whether or not certain legacies under the will have lapsed by reason of the fact that the legatees predeceased the testatrix.
The main difficulty under which the executor labors is the construction of the eighteenth clause of the will, and asks a construction thereof in order that it may be determined whether or not the legacy therein contained is a general or specific bequest and whether the "request" therein contained resulted in a precatory trust as to the jewelry therein mentioned, or any part thereof.
The eighteenth paragraph of the will reads as follows:
"Item — All the rest, residue and remainder of my personal effects, such as wearing apparel, jewelry and trinkets, I give and bequeath, in equal shares to my nieces, Hettye B. Schoenfeld and Gladys Blumenthal, with the request that in the event any of my family shall express a desire for any of my jewelry, such request be granted the ones expressing the desire for the same, so that each member of the family shall have at least one of my jewelry articles."
The bequest to Hettye B. Schoenfeld was revoked by a subsequent codicil to the will, leaving Gladys Blumenthal as the sole legatee under the eighteenth paragraph.
In the first eight items of the will, testatrix made money gifts to brothers, sisters, nieces, nephews and charities.
Under items 9 to 17, inclusive, gifts of specific items of jewelry, rugs and portraits were made to her sisters and nieces, and then in the "item" under consideration by me, testatrix gave to Gladys Blumenthal "all the rest, residue and remainder of my personal effects, such as wearing apparel, jewelry and trinkets."
There is no attempt to dispose of the wearing apparel or trinkets to any one other than Mrs. Blumenthal and no dispute as to her right to have these items, but as to the jewelry, testatrix provided "with the request that in the event any of my family shall express a desire for any of my jewelry, such request be granted the ones expressing the desire for same, so that each member of the family shall have at least one of my jewelry articles." *Page 362 
Was the legacy to Mrs. Blumenthal of the jewelry a specific or general bequest?
In the case In re Low, 103 N.J. Eq. 435, Vice-Ordinary Berry has so fully classified and defined legacies as to render any other citation unnecessary, and as to general and specific legacies, he says (at p. 437):
"A general legacy may be defined as one which is payable out of the general assets of a testator's estate, such as a gift of money, or other thing in quantity, and not in any way separated or distinguished from other things of like kind. 28 R.C.L. tit.`Wills' 290 ¶ 264.
"A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which can be satisfied only by the delivery and receipt of the particular thing given. Ibid. ¶ 263."
It seems to me to be entirely clear that paragraph 18 provides two separate specific legacies, first, "all * * * of my personal effects, such as wearing apparel * * * and trinkets" and secondly, "all of my jewelry."
As to the first items, they are specific gifts to Mrs. Blumenthal. As to the second, they are also specific gifts, but the gift as to the jewelry is coupled with the request above set forth. Under the language of that request the question for determination is whether or not Mrs. Blumenthal takes the jewelry absolutely or in trust for the benefit of "any of my family who may express a desire" therefor.
In the case of Deacon v. Cobson, 83 N.J. Eq. 122 (at p.124), the late Vice-Chancellor Leaming, dealing with the construction of a similar provision in a will, said:
"A rule of construction early adopted by the English court of chancery was to the effect that when, by will, property is given absolutely to a person, and the same person is by the testator `recommended,' `entreated,' `requested' or `wished' to dispose of that property in favor of another, the recommendation, request or wish will be held to be imperative and to create a trust, if the subject and objects of the trust are certain. That rule of construction was adopted by our courts *Page 363 
of last resort more than half a century ago, and has since been uniformily recognized by the courts of this state; it cannot be now questioned in this court. Van Duyne v. Van Duyne, 15 N.J. Eq. 503; Eddy v. Hartshorne, 34 N.J. Eq. 419; Wood v. CamdenSafe Deposit Co., 44 N.J. Eq. 460; Eberhardt v. Perolin,48 N.J. Eq. 592; S.C. (reversed on appeal, but soundness of rule not questioned), 49 N.J. Eq. 570; Cox v. Wills, 49 N.J. Eq. 130;S.C. (reversed only as to method of accounting), 49 N.J. Eq. 573.
It necessarily follows that the requests of testatrix in the will and codicil here in question must be given the same force as though the language adopted by testatrix had been, wherever the word `request' occurs, it is my will and I do hereby order and direct. With this rule of construction uniformly recognized by our courts for so long a period of time, testators and scriveners may be said to have been privileged to rely upon its existence and future recognition."
Under this authority, the jewelry mentioned in the eighteenth paragraph was bequeathed to Mrs. Blumenthal in trust, unless the "subject and objects of the trust" are uncertain. It is argued that they are "uncertain, indefinite and vague."
In addition to the case of Deacon v. Cobson, supra, Vice-Chancellor Foster, in the case of Steinhardt v. Wolf,95 N.J. Eq. 132 (at p. 135), said:
"Furthermore, it is a well-settled rule that an implied trust will not arise unless the person or object intended to be benefited thereby is properly and definitely described, and the amount of property to which the trust shall attach is sufficiently defined, and this is especially so where a construction creating such a trust would be a contradiction of the terms in which the preceding bequest is given, or where, from all the circumstances, it is more probable that testator meant by the expression he employed to communicate a mere discretion.Eberhardt v. Perolin, 48 N.J. Eq. 592; Lew. Trusts (3d ed.)167, 168, 171, c."
Applying the test indicated in this language of the court, we find: *Page 364 
The persons to be benefited by the trust are "any of my family expressing a desire."
The amount of the property to which the trust will attach is so much of the jewelry as may be indicated by the expressed desire of "each member of my family."
Is "my family" sufficiently definite? It is argued that it is not and the argument is not supported by citing any authorities.
Page Wills (2d ed.) § 905 (at p. 1512) says:
"At one time the word `family' was held to be of a meaning so uncertain that a devise to a `family' of a named person was void for uncertainty, and trusts generally for the benefit of the `family' of a designated person have been held void for uncertainty."
The author then goes on to say that:
"This extreme view has since been abandoned by the courts with substantial unanimity, and `family' is held to be a word of such definite meaning when employed in a will that a devise to a `family' of a person is valid."
The same author further points out that the meaning of the word is not so unanimously agreed upon by the courts and quotes an Alabama case: "That it is a term of more or less extensive import, according as the context of the will may indicate, may stand as fairly representative of the consensus of judicial opinion."
Viewing the context of the will which I have before me for construction, and taking into consideration the surviving relatives of the deceased, I find that there survived her a widowed sister, Sallye R. Moss, nieces and nephews, a son of a deceased niece and children of nieces and nephews, and the context of the will discloses that she made specific bequests to two brothers, two sisters, three nieces and a nephew, and that a fair reading of the will would tend to the conclusion that when the testatrix used the phrase "my family" she meant to include all of the persons who would be entitled to take under the laws respecting distribution, for the reason that she had included them all as beneficiaries under the will, and it is quite clear that her intention was that each one of *Page 365 
the named beneficiaries "shall have at least one of my jewelry articles."
It is a cardinal rule of construction that words used in a will, which have been judicially defined by the courts in the place of domicile, are to be construed with reference to such definitions.
As far back as 1809, in the case of Pierson v. De Hart,3 N.J. Law 73 (p. 482) at p. 78 (p. 487), the supreme court, through Kirkpatrick, chief-justice, construed the word "family" as that word was used by the legislature in an act changing the descent as between relatives of the half-blood. The preamble to that act recited:
"That, whereas by the law as it now stands, the issue of an ancestor by one ventor, cannot inherit to the issue of such ancestor by a different ventor, whereby the real estate of an ancestor in some instances goes out of the family to the great injury of the remaining issue of such ancestor."
The chief-justice, in construing the word "family," as used in the preamble, said that it "must be taken in that sense in which the will uses it when speaking of descents, and in that restriction it will comprehend only the descendants of such ancestor; those who have his blood running in their veins; and in that sense, is nearly if not quite of the same import as the word issue."
If the word "family" as construed in that case as it was used with respect to descent, was a proper definition, and of course it was, then the proper definition of the word "family" as used with respect to statutes dealing with distribution would be to include those who would take under the statutes of distribution and thus the members of the family are definitely ascertained, so that a bequest construed as a trust is not void by reason of indefiniteness in this respect.
I am not unmindful that on oral argument counsel for Mrs. Blumenthal argued that "the law in Pennsylvania is that the use of such words as `my wish is,' `my further request is' or other words merely expressive of a desire, recommendation, or confidence, are not sufficient to confer a devise or bequest into a trust." *Page 366 
One of the difficulties with this argument is that there was no proof of the Pennsylvania law, simply the statement of counsel of his views of the law in that respect, as he gathered it from the decisions cited by him.
It is true that the original will was presumably executed while the testatrix was domiciled in Pennsylvania, in June of 1913, but it is also true that the last codicil annexed to the will was executed in April of 1922, while the testatrix was a resident of Atlantic City, where she continued to reside until the date of her death, November 13th, 1930, and in this codicil testatrix reaffirmed the eighteenth paragraph of her will and she expressly readopted it in its entirety, save only as she revoked all bequests to her niece, Mrs. Schoenfeld, which left Mrs. Blumenthal the sole legatee.
The will, therefore, was re-published as a New Jersey will on April 7th, 1922, when testatrix, reciting that she was "of Atlantic City, State of New Jersey," published a codicil to her last will and testament and said "in all other respects except as herein modified I do hereby ratify my said last will and testament and my first codicil thereto." By the making of said codicil the will and codicil were made to speak as of the time and place of the publication of the codicil. Schoul. Wills
(6th ed. — 1923) p. 952; Griffith v. Adams (Conn.),137 Atl. Rep. 20 (at p. 25); Appeal of Rogers (Maine),138 Atl. Rep. 59 (at p. 66); In re Bissell's Estate (Pa.),153 Atl. Rep. 692; Bicknell v. Hawley, 96 N.J. Eq. 218.
I am next asked to determine whether or not one of the nieces, Fannie H. Ryder Greenewald, is entitled to have the article of jewelry for which she has expressed a desire turned over to her, in pursuance of the eighteenth paragraph aforesaid. It happens that the only member of the family who has requested any of the jewelry is Mrs. Greenewald, who promptly notified the executor that she desired a certain pearl necklace. To this article of jewelry she is entitled.
The will bequeathed to Henry Ryder, a brother, one thousand dollars, and to Carrie Blumenthal, a sister, five thousand *Page 367 
dollars. Both legatees predeceased testatrix. Do these legacies lapse?
The testatrix made no mention in her will "in regard to the children or decedents of these legatees dying as aforesaid" as provided in section 22 of the statute "An act concerning Wills,"4 Comp. Stat. p. 5866, and it seems to be unquestionable that these legacies do not lapse.
It is argued that inasmuch as testatrix specifically provided for all nieces and nephews, as well as making these bequests to her brother and sister, that ergo, the intention on the part of testatrix was that the children of Henry and Carrie should take only what is given to them expressly under the will and codicils and that under that reasoning the gifts to Henry and Carrie must lapse. Not so. Testatrix made specific bequests to her brother and sister and to their children, but she did not, in her will, provide that in the event of the brother and sister predeceasing her the legacy to them should not be subject to section 22 as aforesaid.
The act is specific in its terms and testatrix is presumed to have drawn her will and codicils with reference thereto and is charged with the knowledge that unless she "otherwise directed" the gifts to her brother and sister would go to their children and not lapse in the event of their predecease.
It is also argued that as to Hettye Schoenfeld the intention of testatrix was that she should take nothing under the will by reason of the fact that by codicils testatrix revoked "any and all bequests" made to her.
This is not so because testatrix was referring to specific bequests made to this particular niece and she did not say by implication or otherwise that the niece was not to take anything in the event that her mother predeceased testatrix, she knowing that such a contingency might arise and that in such an event Mrs. Schoenfeld would participate in her mother's share. Especially is this true when we take into consideration that from the bequests of the will or codicils nothing appears as to why the specific bequests to Hettye were revoked.
A decree will be advised in accordance with these views. *Page 368