The court is asked by the complainant in this case to construe the last will and testament of John Praed and particularly the second paragraph thereof which reads as follows:
"Second: — I give, bequeath and devise to my wife, Alice V. Praed, all my property, both real, personal and mixed, wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, to have and to hold the same to her absolutely and forever. But, it is my wish, however, that if any of my said estate so devised to my said wife, shall be and remain in her possession at the time of her decease, that she make provision to divide the same equally between Jennie P. George, wife of Owen George of Paterson, N.J., Alice F. Firstbrook, of Paterson, Frank Praed of Newark, New Jersey, Edward Praed of Dover, New Jersey, and Edward F. Brown of New York City, share and share alike, and I give and devise the same accordingly."
John Praed died December 30th, 1909, and his will was probated before the Morris county surrogate on January 12th, 1910. The devisees mentioned in the second paragraph of clause two of his will were two nieces and two brothers of the testator and the complainant, Edward E. Brown. None of these persons were blood relatives of Alice V. Praed, the wife of the testator, except the complainant, who was her brother. *Page 307 
Alice V. Praed made a will which was dated April 2d 1926. She died February 17th, 1933, and her will was probated before the surrogate of Morris county on March 22d 1933. In and by the second clause of her will she provided as follows:
"Second: I give, devise and bequeath all of the property remaining in my possession at the time of my decease, that formerly belonged to my husband, as he directed in his will as follows:
"(a) To Jennie P. George, Alice F. Firstbrook, Frank Praed, Edward Praed and Edward E. Brown, share and share alike to belong to each of them absolutely. The only property now in my possession belonging to my husband's estate is the real estate where I now live, at Pine Street, Floral Hill, Chatham, New Jersey."
The only property remaining in her possession at the time of her death was the above mentioned house and lot. Alice V. Praed left her surviving a brother, the complainant, Edward E. Brown; and Russell Eckerson, a grandnephew by the half-blood; and Ethel Van Kirk, a grandniece by the half-blood, who were children of a deceased half-brother of the said Alice V. Praed. Alice F. Firstbrook married James Turpan who survived the testatrix, Alice V. Praed. Jennie P. George died May 6th, 1927, without issue and leaving her husband, Owen George; a sister, said Alice F. Turpan; and two brothers, Charles Firstbrook and Harry Firstbrook, surviving. Frank Praed died February 4th, 1933, leaving him surviving the following daughters: Ida May Hosking, Jennie Praed Horton, Ruth Praed Watterson, Maud Praed Zession, Carrie Praed Rogers, Mabel Praed Crum, and a son, John Praed. Edward Praed died July 3d 1932, leaving him surviving a widow, Ann Praed, and the following children: Alice Praed Nazarro, Edward Praed, Nicholas Praed and William Praed. It, therefore, appears that three of the legatees, Jennie P. George, Edward Praed and Frank Praed, mentioned in the second paragraphs of each will, predeceased the testatrix, Alice V. Praed. Jennie P. George was a niece of the testator, John Praed, and Edward Praed and Frank Praed were brothers of said testator. *Page 308 
Alice Praed Nazzaro, Maud Praed Zession and Ruth Praed Watterson filed answers setting up the will of Alice V. Praed above mentioned.
Complainant contends that the devise under the will of John Praed was absolute to the wife; that the devises under the will of Alice V. Praed to Jennie P. George, Edward Praed and Frank Praed lapsed by reason of their deaths before the death of the testatrix and that, for the reason that the will of the testatrix contained no residuary clause, she died intestate as to their three shares. Defendants contend that the devise under the will of John Praed was in substance a trust and that there was a limitation over to the defendants. To support this contention they cite the case of Deacon v. Cobson, 83 N.J. Eq. 122. In the Deacon Case the will directed the legatee to keep intact the bequest as far as possible and practical and to use only the rents, issues, profits and income for the use and maintenance of the legatee. They also cite the cases of Harkness v. Zelley,100 N.J. Eq. 48, and Husted v. Husted, 109 N.J. Eq. 378.
Those cases do not appear to be exactly in line with the case now before me. The cases which seem to be in line with the present case are: Annin's Ex'rs, v. Vandoren's Adm'r, 14 N.J. Eq. 135;Hyde v. Hyde 88 N.J. Eq. 358; Gaston v. Ford, 99 N.J. Eq. 592,
and Briggs v. Faulkner, 120 N.J. Eq. 1. The devise to the wife by the testator in the present case was absolute because the power which was vested in her was uncontrolled. She could use the entire estate if she chose. The wish of the testator that his wife dispose of "what remains" did not bind her. She attempted, however, to carry out his wish but failed to do so in part. His wish would have been carried out had all of the legatees survived the testatrix. Since they did not, the devise to those who predeceased her lapsed. Defendants also contend that the will of Alice V. Praed spoke as of the date of her will and not as of the date of her death.
My examination of the cases cited by defendants' counsel does not disclose such a result. I find no such intention in the will of Alice V. Praed.
 I will advise a decree in accordance with these views. *Page 309