The introductory facts are few and may be briefly revealed. One Mary Goodier died testate on November 30th, 1938, and upon the probate of her will by the surrogate of Mercer County, her brother, James W. Goodier, duly qualified as executor. He, however, died on April 7th, 1939, before completing the administration of his sister's estate. The First-Mechanics National Bank of Trenton has assumed the duty of administering both of these estates. On April 24th, 1939, *Page 107 
it qualified as executor and trustee pursuant to the will of James W. Goodier, and on January 25th, 1940, it was appointed administrator cum testamento annexo of the estate of Mary Goodier. It is in the latter capacity that the bank now seeks a construction of the "Second" paragraph of the will of Mary Goodier and requests a declaration of its duties.
Significantly, that paragraph is the only one in the will that is creative of a bequest or devise, and reads as follows:
"Second: I give, devise and bequeath my estate and all my property, real or personal of whatever nature and wheresoever situate, to my brother, James W. Goodier, now of the City of Trenton, New Jersey, to be his forever, feeling that my brother is just and will carry out my wishes hereinafter set forth:
"It is my wish that my brother James W. Goodier, after the payment of my just debts and after the payment of my obligations to him, to divide any part remaining in my estate between himself, my sister Jane G. Stubblefield, 8 Melbourne Place, Parkside, Cambridge, England; and the children of my deceased brothers and sisters, who will take their parents share, as my brother James W. Goodier shall deem wise."
The question presented is whether the testatrix, by the language so employed, intended to vest the beneficial enjoyment of her entire estate absolutely and unqualifiedly in her brother James W. Goodier. The answer is in the negative. The prescriptive rules of construction must be applied. The testamentary intention should be ascertained from an observation of the entire will rather than from some sentence or portion of it detached from its surroundings. Trafton v. Bainbridge, 125 N.J. Eq. 474;6 Atl. Rep. 2d 209.
Here the testatrix bestowed her entire estate upon her brother, "feeling that my brother is just and will carry out my wishes hereinafter set forth." She immediately expressed in her will the desire that her brother pay her just debts, reimburse himself for her obligations due to him, and divide the residue in his discretion among himself and the others definitely designated.
The English Court of Chancery long ago appropriated a rule of construction that where property is bequeathed or devised absolutely to a person who is by the will "entreated," "requested," or "wished" to dispose of that property in favor *Page 108 
of another or others, the overture, request, or wish of the testator or testatrix is to be respected as imperative, and if the subject and objects of the desired disposition are certain, a conformable trust will be recognized. In 1863 our court of last resort adopted that rule. Vide, Van Duyne v. Van Duyne
(Court of Chancery), 14 N.J. Eq. 397; reversed (Court ofErrors and Appeals), 15 N.J. Eq. 503. Some of the succeeding cases in which the rule has been applied or approved are: Eddy
v. Hartshorne, 34 N.J. Eq. 419; Wood v. Camden Safe DepositCo., 44 N.J. Eq. 460; 14 Atl. Rep. 885; Eberhardt v. Perolin,48 N.J. Eq. 592; 23 Atl. Rep. 501; reversed, 49 N.J. Eq. 570;25 Atl. Rep. 501; Cox v. Wills, 49 N.J. Eq. 130; 22 Atl. Rep. 794;reversed, 49 N.J. Eq. 573; 25 Atl. Rep. 938; Deacon v. Cobson,83 N.J. Eq. 122; 89 Atl. Rep. 1029; Husted v. Husted, 109 N.J. Eq. 378; 157 Atl. Rep. 666; Ryder v. Myers, 113 N.J. Eq. 360;167 Atl. Rep. 22; affirmed, 115 N.J. Eq. 169; 169 Atl. Rep. 691.
Manifestly the testatrix by the "Second" article of her will created a precatory trust of the residue of her estate in favor of the beneficiaries therein designated. The circumstance that the testatrix desired the "part remaining" to be divided among the beneficiaries "as my brother James W. Goodier shall deem wise" may have conferred a so-called special or particular power upon James, but the point now requires no discussion because there is no evidence whatever that James ever undertook to exercise the power by his will or otherwise. Incidentally, I notice that the will of James Goodier was executed four years prior to that of the testatrix by which the power was originated.
The trust property should be divided in equal shares among the brothers and sisters or their representatives. per stirpes, in accordance with the "wish" expressed by the testatrix. Ryan v.Daly, 99 N.J. Eq. 585, 591; 134 Atl. Rep. 546; affirmed,101 N.J. Eq. 305, 306; 137 Atl. Rep. 918; Restatement of Trusts, §§120 and 414; 2 Pom. Eq. Jur., § 411.
Decree accordingly. *Page 109