Chadwick v. Chadwick.

JAMES CHADWICK et al., executors

v.

JAMES CHADWICK et al.

1. A testator gave to the trustees of a designated church $1,000 for a particular purpose, "whenever said church shall remove and build a new church in Paterson, or rebuild one" &c. He also gave $500 to the trustees of another church (in Whippany) "towards building a parsonage for said church, provided a sum sufficient be subscribed and raised to pay the balance of said parsonage" &c., * * * "and when either of the said M. E. churches shall have complied with the conditions of said bequests, then the moneys above willed may be paid over as bequeathed, respectively." The testator died in 1868. The Paterson church, in 1872, began building a new edifice, but when

Chadwick *v.* Chadwick.

it was partly finished it was sold under foreclosure, and afterwards there were some additions and alterations made to and in the old church building. It does not appear that the church intends to remove and build a new church or rebuild one, and the testator has been dead fourteen years. The Whippany church has the refusal of buying, for $700, a house suitable for a parsonage, and offers to raise and pay therefor the $200 over and above their legacy.—*Held,*

(1) That the legacy to the Paterson church has lapsed for failure to perform the condition annexed thereto.

(2) That the Whippany church may buy instead of building a parsonage, and that, under the circumstances, a reasonable time should be given to that church to comply with the condition annexed to its legacy.

2. The testator also gave the residue of his estate, after his wife's death, to be equally divided into five shares, of which his brother James should take one, his nephew, James, one, the issue of his brother Robert one, the issue of his bother Thomas one, and the issue of his sister Susannah one. By a codicil he gave to each of the children of his brothers Robert and Thomas, an amount equal to the sum to be paid under the will to each of the children of his sister, Susannah. At the widow's death, Susannah had four children living, and, consequently, each of them was entitled to one-fourth of one-fifth, *i. e.,* one-twentieth of the residue.—*Held,* that each one of the children of testator's brothers, Robert and Thomas, was likewise entitled to one-twentieth of the residue, and that testator died intestate as to the remainder of the shares originally given to the issue of Robert and Thomas, respectively.

Bill for construction of will &c. On final hearing on pleadings and proofs.

*Mr. T. W. Randall, Jr.,* 1or complainants.

*Mr. Henry S. Drury,* for church in Paterson.

*Mr. W. W. Cutler,* for Whippany church.

THE CHANCELLOR.

This suit is brought for the construction of the will of John Chadwick, deceased, late of Paterson, in this state, who died in 1868. The will, to which there was one codicil, was admitted to probate in July of that year. It was made August 15th, 1866, and the codicil July 1st, 1868. By the will, after certain legacies, the testator gave to his wife the use of the residue of

his property, real and personal, for life.  He died July 12th, 1868, and his widow July 20th, 1881.  The portions of the will which are brought into question are the following :

"I also give and bequeath for the benefit of the Cross Street M. E. Church, of Paterson, to the trustees, the sum of $1,000, to be expended, as far as is necessary, for building a pulpit, and the balance, if any, to go as far as it will in cushioning the seats whenever said church shall remove and build a new church in Paterson, or rebuild one in Paterson, and allow and permit any and every regularly ordained minister of said church to occupy the said pulpit at all proper times, the majority of the board, including the pastor, being the judges of said times.

"I also give and bequeath for the benefit of the Whippany M. E. Church, to the trustees, $500, towards building a parsonage for said M. E. church, provided a sum sufficient be subscribed and raised to pay the balance of said parsonage, builded in Whippany, Morris county, N. J.; and I order my executors to pay over to said trustees, as soon as is convenient, after the said balance has been subscribed and raised. *   *   *   And I here make provision that if the Whippany M. E. Church has already got a parsonage, then the $500 I order and will that it be expended in enlarging or improving or re-building said church. *   *   *   And when either of the said M. E. churches shall have complied with the conditions of said bequests, then the moneys above willed may be paid over as bequeathed, respectively.

"I do order and will, at the death of my beloved wife, Martha, that all property undisposed of shall be sold or divided in the following manner, that is, my brother James to have one share, and my nephew, James S. Chadwick, one share, my brother's, Robert Chadwick's, heirs another share, and my brother Thomas's heirs a 'forth' share, my sister, Susannah Cave's 'heiress,' a fifth share.  Now, I will that my property, at my beloved wife's death, or as soon after as convenient, be divided in five equal parts or shares, as stated above, my brothers' and sister's children, if living, and if dead, then to their heirs.  This includes all, whether legitimate or illegitimate, of all the heirs enumerated, so far as they have been recognized by our family; each of the families' heirs to have their fifth share equally divided; but should all of any of these five-shares heirs, Robert's Thomas's, Susannah's, James's or James S. Chadwick's, be dead or extinct, then I will and order that the portion of such dead or extinct shall be divided equally among the living of said share heirs."

The codicil contains the following provisions :

"I do hereby desire and direct my executors to pay to Mary Jane Smith, granddaughter of Thomas Chadwick, deceased (my brother), such sum or sums of money as will be equal to the amount of money received by any one heir of my sister, Susannah Cave, deceased, out of my estate.

"I do hereby desire, authorize and direct my executors, in said will named,

Chadwick *v.* Chadwick.

to pay to James Chadwick and Molly Hopwood, son and daughter of my deceased brother, Robert Chadwick, each such sum or sums of money out of my estate as will be equal to the amount of money received under said will by any one heir of my said sister, Susannah Cave, deceased.

"The payments of the sums of money hereby directed by my executors to be paid to Mary Jane Smith, James Chadwick and Molly Hopwood, shall be made at the same time that the said heirs of my deceased sister, Susannah Cave, are paid their legacies, under this will aforesaid.

"It is my order, and I hereby direct my said executors to invest in some safe and secure security, the moneys arising from my estate and due to Mary Jane Smith, and to pay to her the interest arising from such investment during her natural life, and on her death to be paid to her legal representatives, both the principal and balance of interest due from such investment."

It appears, by the depositions, that the church referred to in the will as the Cross Street M. E. Church (its corporate name is the First Methodist Episcopal Church of Paterson) has not removed nor has it rebuilt its or any church edifice. In 1872 it set about building a new church edifice on Smith street, in Paterson, and to that end purchased land and began the building, but subsequently stopped the work and abandoned the undertaking, and the land was sold under foreclosure. It afterwards altered the old church edifice by building an addition in the rear directly behind the pulpit, which it rebuilt, and made some alterations at the entrance of the building. Those repairs and alterations cost about $400. By the answer of the trustees of the Whippany Methodist Episcopal Church, it appears that they had no knowledge, until the filing of the bill, of the exact wording of the bequest to them, but had a general knowledge that a bequest of $500 had been made to the church for a parsonage; that they were ignorant as to when the bequest was payable, and therefore made no definite arrangement about the parsonage, but that they have made a conditional arrangement to purchase a small house and lot near the church, suitable for a parsonage, for $700, and for raising the additional $200; that the arrangements to buy the house have not been completed, and the trustees are not bound to purchase, but simply have the refusal of the property at a stipulated price, and that, in their opinion, it would be for the best interest of the church to buy the house and lot, provided the bequest of $500 could be used for that purpose; and

they further say that they, the trustees, are ready and willing to raise, by subscription or otherwise, a sum sufficient, together with the $500, to build a parsonage for the church, if, in the opinion of this court, the bequest cannot be applied towards the buying of the parsonage.

The legacy to the trustees of the Cross Street Methodist Episcopal Church is, by the terms of the bequest, payable only when the church shall remove from the location it occupied when the will was made and build a new church in Paterson, or rebuild the one it then occupied or some other there. It appears by the proof, as before stated, that the church has neither removed and built a new church nor rebuilt any, and it does not appear that it is about or proposes to do either of those things. The testator has been dead over fourteen years. The condition on which that legacy was given has not been performed, and the legacy has, therefore, lapsed. The Whippany church appears to be willing to perform the condition on which the legacy to it was given. It is not necessary that it should build a house for a parsonage in order to do so, but it may buy a house already built. It will be in accordance with the testator's intentions and a just construction of the provisions of the will on the subject, to give to that church, under the circumstances, a reasonable time within which to comply with the condition, and, on failure to do so, it will be decreed to have forfeited the legacy, and the legacy will be decreed to have lapsed.

At the death of the testator, according to the bill, his next of kin then known to be living, were Martha Chadwick, his widow; James Chadwick, his brother; James S. Chadwick, a nephew (the son of Betsey Chadwick, a deceased sister of the testator); Molly Hopwood, a niece (daughter of Robert Chadwick, a deceased brother of the testator); Mary Jane Smith, now Mary Jane Van Wie, a grandniece of the testator and granddaughter of Thomas Chadwick, a deceased brother of the testator; James Cave, William Cave, Joseph Henry Cave, Betty Hilton and John Cave, a niece and nephews of the testator, children of Susannah Cave, a deceased sister of testator.

The testator intended, by the provision of the will in regard

to the division of his estate into shares, that after the decease of his wife the residue should be divided into five shares, of which his brother James should take one, his nephew, James S. Chadwick, another, the issue of his brother Robert another, the issue of his brother Thomas another, and the issue of his sister, Susannah Cave, the other. The persons who, at the decease of the testator's widow, were the issue of the testator's deceased brothers and sister, Robert, Thomas and Susannah, are those who, under the will, were then entitled to the shares given to the heirs of those three. But the provision for the issue of Robert and Thomas is changed by the codicil. The testator's intention, by the will, was that the issue of his brother Thomas should have a fifth. By the language, he gives to them a fourth share, but uses the expression not to indicate quantity or proportion, but numerical order merely. By the following language, the testator intended to repeat the direction to divide the residue into fifths, and to provide for substitution of issue for parent in case of death, and to limit over to the persons entitled to the other shares any share the devisee or devisees whereof were dead without issue:

"Now I will that my property at my beloved wife's death, or as soon after as convenient, be divided in five equal parts or shares, as stated above, my brothers' and sister's children if living, and if dead, then to their heirs; this includes all, whether legitimate or illegitimate, of all the heirs enumerated so far as they have been recognized by our family; each of the families' heirs to have their fifth share equally divided; but should all of any of these five shares heirs, Robert's, James's, Susannah's, Thomas's, or James S. Chadwick's be dead or extinct, then I will and order that the portion of such dead or extinct shall be divided equally among the living of said share heirs."

By the word "heirs" the testator meant "issue," and by the word "heiress" he meant "heirs."

At the death of the widow, or as soon thereafter as convenient, the division was to be made. To ascertain who are entitled to the shares, reference is to be made to the death of the widow as the period of distribution. James Chadwick, the testator's brother, is entitled to one share. The testator's nephew, James S. Chadwick, to another. The children of the testator's deceased

sister, Susannah Cave, are entitled to another, and but for the provisions of the codicil the children of testator's deceased brother Robert, Molly Hopwood and James Chadwick, would be entitled to another, and but for those provisions Mary Jane Van Wie (formerly Smith), the granddaughter of the testator's deceased brother Thomas (she appears to be the only issue of Thomas), would be entitled to another.

The intention of the testator was to reduce by the codicil the shares given to the "heirs" of Thomas and Robert from one-fifth of the residue to lesser interests, merely equivalent to those of each of the children of his deceased sister, Susannah Cave. These gifts in the codicil are not cumulative but substitutionary. The codicil is designed, as appears from its language, to alter the will, and it is wholly devoted to the provisions for the persons named therein for whom, as the "heirs" of his brothers Robert and Thomas, he had already made provision in the will.

A division into fifths is still necessary, but as to the balance of the fifths by the will given to the heirs of Robert and Thomas, if there be no other persons to take these shares than the persons named in the codicil (as it appears from the bill there are not), the testator must be decreed to have died intestate of that balance. At the death of the widow there were four of the children of Susannah Cave living (one had died after the death of the testator, unmarried and intestate) to take the share given to her "heirs," hence the persons named in the codicil will each be entitled to one-fourth of a fifth, or one-twentieth of the residue, and as to five-twentieths or one-fourth of the residue the testator will be decreed to have died intestate.

The money given to Mary Jane Smith is to be invested; the interest to be paid to her for her life, and on her death the principal and unpaid balance of interest to go to her legal representatives. James Chadwick mentioned in the codicil (son of the testator's deceased brother Robert) is supposed to be dead. If he died in the lifetime of the testator, the gift to him lapses; if he died after the testator, it goes to his legal representatives.