The bill in this cause seeks the construction of the ninth clause of the will of Edwin I. Brown, who died at Ocean Grove, in Monmouth county, New Jersey, on November 8th, 1913. *Page 96 
This clause reads as follows:
"Ninth. I give and bequeath unto my beloved sisters, Naomi P. Johnson and Josephine L. Tiffany, and to the survivor of them, during their natural lives, or the survivor of them, eighty per cent. of the net income and receipt of my buildings known as `Commercial Block,' in the borough of Matawan, Monmouth county, New Jersey; and I give and bequeath and devise the remaining twenty per cent. of the net income and receipts of the said Commercial Block unto the Young Men's Christian Association of the borough of Matawan, provided said association is incorporated at that time, subject, however, to the annual expenditure of at least ten dollars for the care and maintenance of my father's and my cemetery plots in Rosehill Cemetery. At and after the death of my sisters, or the survivor of them, I give and devise said Commercial Block property to the said Young Men's Christian Association of the borough of Matawan, absolutely, subject, however, to the care and maintenance of said cemetery plots in Rosehill Cemetery at an annual cost of not less than ten dollars."
Testator was a resident of Matawan from 1877 to 1905, when he moved to Ocean Grove, and he made his will in 1911.
For some years prior to his death testator had been connected with and interested in the work of the Matawan branch of the Young Men's Christian Association, which had been in existence, although unincorporated, from about the year 1903. Since then this branch of the association has carried on its ordinary work among the boys and young men of Matawan; it has annually elected officers, made annual reports to the state association, and has been under the general control of the association's county secretary.
Testator, after his removal to Ocean Grove, continued his connection with and his interest in the work of the Matawan branch of the association, and about two years before his death he expressed a desire to purchase a lot for it.
Testator, who is described as a careful, shrewd business man, left an estate estimated to be worth over a quarter of a million dollars, and by his will he apparently made suitable and ample provisions for all his step-children and other relatives. The Commercial Block, the premises in question, at the time of testator's death, in 1913, was estimated to be *Page 97 
worth about $20,000, and is now considered to be worth double that amount.
On December 9th, 1913, about four weeks after testator's will was probated, the Matawan branch of the Young Men's Christian Association took proceedings to have itself incorporated, and to that end a certificate of incorporation was duly executed and recorded in the office of the clerk of Monmouth county, on December 11th, 1913, under the provisions of the act entitled "An act to incorporate associations not for pecuniary profit." 1Comp. Stat. p. 125. Section 1 of this act requires that, in order to complete its incorporation under this act, every organization must not only record its duly executed certificate in the office of the county clerk, but must also file such certificate in the office of the secretary of state. Through inadvertence or neglect, this certificate was not filed with the secretary of state for over eleven years after it was recorded in the county clerk's office, in fact not until September 16th, 1924.
Testator's sisters, Mrs. Johnson and Mrs. Tiffany, who are still living, have, since the death of testator, been in the receipt of eighty per cent. of the income from the "Commercial Block," and the remaining twenty per cent. of such income has been retained by the executors.
Complainant now claims this accumulated income and asks for a decree directing the payment of it to complainant, and also prays that it be decreed that upon the death of both Mrs. Johnson and Mrs. Tiffany, testator's sisters, the property known as the Commercial Block shall, under the devise made to it, be the property of complainant.
Testator's sisters, the defendants Mrs. Johnson and Mrs. Tiffany, in the brief filed in their behalf, ask that these prayers of complainant be granted to carry out the intentions of the testator.
The other defendants, who are the residuary legatees and devisees, resist these claims of complainant on the following grounds:
1. That as complainant was not incorporated at the death of the testator, it is not qualified and entitled to either the *Page 98 
twenty per cent. of the income, or to take the devise of the property.
2. That complainant is guilty of laches in failing to complete its incorporation before September 16th, 1924, when the certificate of incorporation was filed with the secretary of state, and therefore forfeits the gift and devise.
3. That the gift of the income and the devise of the realty fail, as they are not made for strictly charitable purposes, because they are made subject to an annual charge for the care and maintenance of the burial plots of testator and his father.
Considering these objections in their order:
It appears that the entire controversy is largely over the purpose or intention of the testator in stating in this clause of his will that complainant should have the gift of twenty per cent. of the income "provided said association is incorporated at that time." To what time testator thus referred is the principal question for determination. The contesting defendants contend testator intended the time of his death, and in support of this contention they invoke the rule that ordinarily, a will speaks from the time of the death of the testator.
This rule, however, is not applicable where there is any thing in the instrument indicating a contrary intent. Voorhees v.Otterson, 66 N.J. Eq. 172.
From this provision of the will it is clear that testator intended and made it of the essence of the payment of the gift of income to complainant, that complainant should at some time, which he did not specify, be incorporated. It will also be observed that testator imposed this fact of incorporation as a prerequisite to the payment of the twenty per cent. of the income, but he did not make the devise of the property to complainant subject to any such qualification.
From this situation the question naturally arises: What had the testator in mind in requiring complainant to incorporate before it could receive the share of the income he bequeathed to it? The answer, I think, is to be found in testator's intimate knowledge of the scope of complainant's *Page 99 
work, and the amount and the sources from which it obtained its income for such purposes, coupled with his desire to see such work continued from an adequate income, and through a permanent organization, such as complainant would become by incorporation.
Testator selected complainant as one of the objects of his bounty; he clearly desired its beneficent work to permanently continue for the benefit of the boys and young men of Matawan; he certainly did not intend, by any language he used in his will, to defeat the very purposes he was so evidently desirous of perpetrating, and it is the duty of the court to do everything in its power to discover his intentions and to see that they are carried into effect, if possible. Johnson v. Brown, 85 N.J. Eq. 76.
And, as indicative of testator's intentions, it is to be noted that he specified no time within which complainant should be incorporated, and he significantly omitted to impose any penalty of forfeiture of gift or devise in the event that complainant did not incorporate within any particular period. Furthermore, testator lived for about two years after making his will, and during this time he continued his interest in and his connection with the association, and it does not appear that he ever disclosed to anyone the necessity of incorporating the association in order to obtain the provisions he had made for it in his will, nor did he, personally, ever do anything towards incorporating the association.
Within a few weeks after testator's death complainant attempted to comply with his wishes about incorporation, and did everything necessary to carry out his desire, except to file its certificate of incorporation with the secretary of state.
Must this omission to file the certificate at an earlier date, now that complainant is, in fact, incorporated, be held to bar complainant from the gift and devise testator gave it, and thereby defeat the purposes and intentions testator had in mind in making disposition of this part of his estate?
The answer to this question appears to be that where, as here, there is no limitation over, a performance within a reasonable time, of the conditions as will substantially fulfill *Page 100 
testator's intentions, is sufficient. Chadwick v. Chadwick,37 N.J. Eq. 71.
The time referred to by testator was merely ancillary to the objects he had in mind to aid by this gift and devise. The event he contemplated has now occurred; complainant is incorporated, as he directed it should be, before it could receive the twenty per cent. of income he bequeathed it.
The delay in filing the certificate does not make complainant guilty of laches, as the contesting defendants claim, because testator specified no time within which the incorporation should be completed; his stipulation as to time referred merely to the time when complainant should be entitled to have the share of the income paid to it. The effect of this reference to time simply postponed the payment to, and the enjoyment by, complainant of the share of income until such time as it was in fact and in law incorporated. The contesting defendants evidently took this view of the matter, for they have been equally neglectful, and none of them has made any claim to this part of the income or to the lands devised until the present time, and the delay in completing complainant's incorporation has been in no way prejudicial to them. Silverman v. Klussman, 96 N.J. Eq. 224, 621; 2 N.J. Adv.R. 1481.
As testator did not limit his gift to the current income, and as he gave no directions for any other application or distribution of this share of the income pending the incorporation of complainant, it is reasonable to assume that he intended this share of income to accumulate in the hands of his executors, as it has done, until such time as his requirement respecting the incorporation of complainant was complied with, when it was to be paid, as he directed, together with future income as it was received during the lifetime of his sisters.
Testator did not mention the element of time in connection with the devise of the realty to complainant, and I am unable to adopt the view urged by the contesting defendants that by the use of the words "said association" in the devise, testator referred to and intended an incorporated association at the time of his death. Incorporation as a prerequisite for *Page 101 
the vesting of the devise in complainant is not required by the will.
The remaining contention of the contesting defendants is that the gift and devise to complainant are void for uncertainty, because they are for purposes charitable and non-charitable, and, also, because they violate the rule against perpetuities.
The basis of this contention is that the gift and devise are expressly made subject to the care and maintenance of the burial plots of testator and his father at an annual cost of not less than $10.
The entire gift and devise are both given absolutely to complainant; no part of either is given for the care and maintenance of the burial plots, nor for any other purpose than the charitable uses of the association. The mere fact that the gift and devise are made subject to the annual disbursement by the association of the amount mentioned, does not produce a division thereof between uses charitable and non-charitable, nor does it create, as claimed, a condition subsequent, which is not favored in equity. MacKenzie v. Trustees, c., 67 N.J. Eq. 652.
Nor does the imposition of this obligation create any condition for the breach of which entry may be had as for a forfeiture.
What this provision does is to create a trust which complainant, by accepting the gift and devise, is bound to perform, regardless of the extent of the income or the value of the devise, and this trust can be enforced in equity. Mills v.Davison, 54 N.J. Eq. 659; MacKenzie v. Trustees, c., supra.
The gift and devise being solely for charitable uses, the rule against perpetuities does not apply. Mills v. Davi son, supra;MacKenzie v. Trustees. c., supra.
A decree will be advised that complainant is entitled to be paid the twenty per cent. of the income that has accumulated, and, also, this part of the income as it hereafter accrues during the lifetime of testator's two sisters, and, also, that complainant is entitled to receive the devise of the Commercial Block property upon the death of both sisters of the testator.
The decree may be settled on notice. *Page 102