Louise F. Grebenstein died March 19, 1947, leaving a last will and testament dated May 1, 1938. Under Paragraph Fourth thereof, she bequeathed "to St. John's Lutheran Church of Union City, N.J., * * * to apply toward the payment of the principal of the mortgage indebtedness on the church structure, the sum of Three thousand (3,000) Dollars." Her residuary estate was devised and bequeathed to her step-grandchildren. At the time of the execution of the will the church property was encumbered by two mortgages. These, however, were paid and canceled of record on December 27, 1944, more than two years prior to decedent's death. The church, nevertheless, claims the bequest, while the residuary legatees assert that it has lapsed and become part of the residuary estate. The executrix has applied for instructions.
The settled rule of will construction is that where a testator has manifested an intention to restrict his gift for a single, specific or particular purpose, which has been fully accomplished before decedent's death, the bequest fails. Mason's Ex'rs v.Trustees of M.E. Church at Tuckerton, 27 N.J. Eq. 47 (Ch.
1876); Chadwick v. Chadwick, 37 N.J. Eq. 71 (Ch. 1883);Taylor v. Tolen, 38 N.J. Eq. 91 (Ch. 1884); Brown v.Condit, 70 N.J. Eq. 440 (Ch. 1904); The German PioneerVerein v. Meyers, 72 N.J. Eq. 954 (E. A. 1907). InMason's Ex'rs v. Trustees, etc., supra, Chancellor Runyon said, at page 54, "The $500 are given towards paying off the debt of the church. * * * He distinctly expresses the purpose to which he intended that the money should go — the payment of the church debt. This money is to be paid to the treasurer of the corporation, and the corporation will hold it in trust to apply it to that purpose." In Chadwick v. Chadwick, supra, the court said, "The condition on which that legacy (to a church) was given has not been performed, and the legacy has, therefore, lapsed."
The defendant St. John's Evangelical Lutheran Church urges that the cy pres doctrine should be applied. However, the difficulty with this contention is that the doctrine has its limitations. It is applicable solely to charitable *Page 425 
trusts and may be employed only where, upon the failure of the trust, the court finds in the terms of the will a general intent to devote the property to charity and that the particular purpose named is secondary. Wilber v. Asbury Park National Bank TrustCo., 142 N.J. Eq. 99 (Ch. 1948); affirmed, 2 N.J. 167
(Sup. Ct. May 2, 1949). The very recent opinions of Mr. Justice Heher in the Supreme Court and of Vice-Chancellor Berry in the Court of Chancery are both exhaustive expositions of the doctrine of cy pres and its application.
In the instant case, it is clear that the testatrix did not intend to make a general bequest to the church, but confined it to the specific purpose of relieving the institution of the debt with which it was burdened at the time she executed her will. There is no indication that she desired the bequest to be used for general church purposes. The legacy, therefore, lapses and becomes part of the residuary estate, distributable to the residuary legatees. Raque v. City of Speyer, Germany,97 N.J. Eq. 447 (Ch. 1925).