JOSEPH O. NICHOLS

*v.*

THE NEWARK HOSPITAL et al.

[Decided May 4th, 1906.]

1. Where a testator made a devise to a hospital association chartered in 1857 (*P. L. 1857 p. 44*), but which has never taken any further steps since its organization, and is incapable of doing the work for which it was organized, the devise will be paid to another general hospital in the same city and having the same objects in view, under the doctrine of *cy pres.*

2. Where a devise is made to a hospital, the charter of which provides that no regulation of its directors shall allow any preference to patients on account of difference in religious faith, or on account of birthplace or

parentage of the parties, and the devise is to be paid to another hospital under the doctrine of *cy pres*, the designated hospital must be in a posi·tion to comply with this proviso.

----

*Mr. Charles G. Titsworth,* for the complainant.

*Mr. Cortlandt Parker,* for the Newark Hospital.

*Mr. Harris, Mr. Nichols* and *Mr. Ernest E. Coe,* for the other defendants.

STEVENS, V. C.

It seems to me that the principle upon which this case is to be decided is clear. "The Newark Hospital" was incorporated by special act of the legislature, approved February 27th, 1857. An organization under the charter was perfected shortly there-after, but first the panic of 1857 and then the Civil war put a stop to the raising of the subscriptions necessary to put the hos-pital on its feet as a going charity. The corporation has never done anything more than organize. Most of its directors and all of its officers, with the exception of its vice-president, are now dead. There does not, so far as the proofs go, seem to be a quorum for the transaction of business.

By his will, dated March 21st, 1861, Joseph Nichols be-queathed and devised all the residue of his estate to the Newark Hospital, its heirs and assigns, and he described it as "a benevo-lent society lately incorporated by the legislature of New Jer-sey." He died July 1st, 1866. The residue, with its accumula-tions, now amounts to $24,812.78. Why the surviving executor did not file his bill for directions before, does not appear, and is not now material.

The question is, To whom shall the executor pay the money?

That the Newark Hospital is a charity is admitted. *Hadden* v. *Dandy,* 51 *N. J. Eq.* (6 *Dick.*) 154; *S. C. on appeal,* 51 *N. J. Eq.* 330; *American Bible Society* v. *American Tract Society,* 62 *N. J. Eq.* (17 *Dick.*) 219. Its charitable object, as stated in the preamble of its act of incorporation, is the "erecting of a gen-eral hospital' in the city of Newark, fitting it with all proper

conveniences and appurtenances, and furnishing necessary attendance for the sick and disabled." This object it has, confessedly, never executed. It is now without funds and without effective organization, and it is apparently incapable of doing any work. But nothing is better settled than that the law does not permit a charitable trust, capable of execution, to remain unexecuted for want of a competent trustee, and if the trust cannot be literally performed, the court itself, to use the words of Judge Green, in *Mackenzie* v. *Trustees, 67 N. J. Eq. 652* (at *p. 673*), "will apply the property as nearly as possible according to the donor's intentions, when those intentions cannot be exactly carried out." *Pennington* v. *Metropolitan Museum of Art, 65 N. J. Eq. (20 Dick.) 11.* If the present trustee of this charity cannot act, then it would appear that the donor's intentions can be effectuated, *cy pres,* by giving the fund to one or more hospitals in the city of Newark having the same object, viz., "the furnishing necessary attendance for the sick and disabled," and inasmuch as the seventh section of its charter provides

"that no regulation of said directors shall allow of any preference being shown in the admission of patients or in granting relief to the sick or disabled on account of difference in religious faith or on account of the birthplace or parentage of the parties,"

it would seem that the designated hospital must be in a position to comply with this proviso.

There should be a reference to a master to ascertain whether the Newark Hospital is now able to execute the trust imposed upon it, or will, within a reasonable time, be in a position to do so, and if not, then the master shall consider and report a scheme for the management and disposition of the trust funds upon the lines indicated in this opinion.