James Christian, as trustee, &c.,

*v.*

The Catholic Church of St. John the Baptist, of Paterson, N. J., et al.

[Decided May 27th, 1920.]

1. If it be undesirable, impractical or contrary to public policy to carry out a testator's special intention regarding a charitable bequest, then effect will be given to his general charitable intention, if present.

2. Where a legacy was given to construct a fireproof building for an orphanage, and the amount of the legacy is not sufficient for that purpose, the bequest may be applied *cy pres* toward the construction of such a fireproof building in such manner as will most nearly effectuate his intention.

3. Where such application involves the appointment of a trustee to carry out such purpose, the attorney-general of New Jersey should be brought in as a party.

On pleadings and proofs.

*Mr. Chauncey G. Parker,* for the complainant.

*Mr. Edward F. Merrey* and *Mr. Edward F. Murphy,* for the Rev. A. H. Stein, and the Catholic Church of St. John the Baptist, of Paterson, N. J., defendants.

*Mr. John M. Emery,* for John D. Hinchliffe, defendant.

LEWIS, V. C.

The bill is filed by James Christian, one of the executors of the will of John Hinchliffe, deceased, praying for the instructions of the court regarding the payment of a certain legacy, and for the appointment of a trustee in relation thereto.

The defendants in the suit are the co-executor, Rev. Dr. Anthony H. Stein; the Catholic Church of St. John the Baptist, of Paterson, New Jersey, and John D. Hinchliffe, who is the residuary legatee under the will.

The provisions of the will involved are as follows:

"TENTH.—I give, devise and bequeath to my executors hereinafter named, all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever the same may be or of whatever the same may consist, to have and to hold the same upon the following conditions or trust:

"(2) To pay to St. Joseph's Female Orphan Asylum, which is located near Lincoln Bridge, just beyond the limits of the City of Paterson, the sum of Fifty thousand dollars for the construction of a fireproof orphanage building on its property. * * *

"(19) To make distribution of the aforesaid portions of my said estate to the parties entitled thereto either in cash or securities, and at such times as my said executors may deem proper."

Answers were filed by the respective defendants, as follows:

(1) By the Rev. Dr. Anthony H. Stein, the co-executor, averring that he desires to have the legacy in question paid to the Catholic Church of St. John the Baptist of Paterson, New Jersey, the owner of the land.

(2) By the said the Catholic Church of St. John the Baptist, of Paterson, New Jersey, asking that the executors be directed to pay the legacy to it, with interest.

(3) By John D. Hinchliffe, the residuary legatee, claiming that the legacy should lapse and fall into the residuary estate, unless the specific purpose of the bequest is carried out.

St. Joseph's Female Orphan Asylum is not itself a corporate entity, but is merely one of the activities of the defendant, the Catholic Church of St. John the Baptist, of Paterson, New Jersey, which is a religious corporation, and has a building located near Lincoln Bridge, known and maintained as St. Joseph's Female Orphan Asylum.

It is to be noted that the attorney-general of the State of New Jersey is not a party in this proceeding. I deem this unimportant, however, in the present status of the case, in view of the conclusion I have reached with regard to the payment of the legacy.

The general charitable intention of the testator seems to have been to provide for the shelter, maintenance, education and the physical and spiritual welfare of female orphans who should be, from time to time, admitted to the St. Joseph's Female Orphan Asylum, located near Lincoln Bridge, just beyond the limits of the city of Paterson, New Jersey.

The specific intent of the testator was to provide for the construction of a fireproof orphanage building on the property of St. Joseph's Female Orphan Asylum, which is located near Lincoln Bridge, just beyond the limits of the city of Paterson, New Jersey; and in his will provision was made to pay to St. Joseph's Female Orphan Asylum the sum of $50,000 for the purpose stated.

The will further provided for the distribution of the said portion of testator's estate "to the parties entitled thereto, either in cash or securities, and at such times as my said executors may deem proper."

It appears that since the making of the will and the death of the testator, the cost of constructing the fireproof orphanage building mentioned in the will has increased so enormously

as to render it undesirable, if not impracticable, to carry out literally the specific purpose indicated by the testator in his will. The Catholic Church of St. John the Baptist, of Paterson, New Jersey, indeed, contends that the sum named would be entirely inadequate under existing conditions to construct a suitable building for the accomplishment of the purpose of the testator.

While it cannot be said that the construction of a building as designated by the testator is impossible, yet, to limit the use of the legacy to a literal carrying out of the specific purpose indicated, would be, in my opinion, highly undesirable and impracticable, because of the altered circumstances, and would result simply in the production of a building so unsuitable for the carrying out of the particular purpose of the testator, as to practically defeat or nullify its successful accomplishment.

The Catholic Church of St. John the Baptist, of Paterson, New Jersey, has not refused its consent to the construction of the orphanage building; on the contrary, it distinctly states in its answer, that it is willing to accept the legacy and use it for the purpose of erecting a fireproof orphanage building on its property. Its contention is, however, that it should not be limited to the requirement of using only the legacy of $50,000 in the construction of a building, when a suitable and satisfactory building for the orphanage purposes would, as it sees the practical situation, involve a very much greater expenditure; which additional amount, however, it is willing to supply towards the cost of the building.

Under what I regard to be the settled law in this state, if it be undesirable, impracticable or contrary to public policy to carry out a testator's special intention regarding a charitable bequest, then effect will be given to his general charitable intention, if present. *Rector, Wardens and Vestrymen of St. James Church* v. *Wilson, Attorney-General, et al.,* 82 N. J. Eq. 546; affirmed, 83 N. J. Eq. 324; sub nom. *West et al.* v. *Rector, &c., of St. James Episcopal Church of Long Branch; Mackenzie* v. *Trustees of Presbytery of Jersey City,* 67 N. J. Eq. 652.

This bequest is clearly a charitable one, and as the general

intention of the testator is ascertainable, and in view of the undesirability and impracticability of carrying out the testator's specific intention, my conclusion is, that the bequest should be applied · *cy pres* towards the construction of such a fireproof building as is referred to by the testator, in such manner as will most nearly effectuate his intention.

Opportunity will be given the parties interested, on application, to submit to this court a plan or scheme for the disposition of the said legacy in accordance with these findings.

Interest will not be allowed on the legacy in view of the provision of the will that the payment of the legacy was to be at such time as the executors deemed proper.   Interest does not begin to run on a legacy until the right to receive it arrives.

*Ashton* v. *Wilkinson, 53 N. J. Eq. 6; affirmed, 53 N. J. Eq. 227; Eberhardt* v. *Perolin, 48 N. J. Eq. 592.*

On the application for the determining of the plan or scheme of payment, which will involve the appointment of a trustee or trustees for that purpose by this court, the attorney-general of the State of New Jersey should be brought in as a party to this proceeding.

Costs and counsel fees will be allowed the respective parties out of the fund, on application.