JOHN O. H. PITNEY AND JOHN R. HARDIN, EXECUTORS OF THE LAST WILL AND TESTAMENT OF MARCUS L. WARD, DECEASED, PROSECUTORS, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted July 7, 1922—Decided November 8, 1922.

1. M. L. W. died leaving a will by which he bequeathed, absolutely and without condition, money and books to the New Jersey Historical Society, a New Jersey corporation, whose objects, as expressed in the charter, are "to discover, procure, preserve whatever relates to any department of the history of New Jersey, natural, civil, literary or ecclesiastical, and, generally, of such other portions of the United States." The society is not conducted for pecuniary profit, owns a building containing a large library, to which, under the by-laws of the society, by action of the library committee, visitors are admitted. *Held*, upon the authority of the case entitled, *In re Vineland Historical and Antiquarian Society*, 66 *N. J. Eq.* 279, affirmed in 67 *N. J. Eq.* 730, that said bequests are assessable for the purpose of the imposition of a transfer tax under the Transfer Tax act, as amended by chapter 151 of the laws of 1914. *Pamph. L.* 1914, *p.* 267.

2. M. L. W. by his will made a bequest to the New Jersey Society for the Prevention of Cruelty to Animals, a New Jersey Corporation, organized for the purpose of the enforcement of laws enacted for the protection of dumb animals. *Held*, that the bequest is exempt from the payment of a transfer tax under the provision of the Transfer Tax act, as amended by chapter 151 of the laws of 1914 (*Pamph. L.* 1914, *p.* 267), exempting property passing to benevolent and charitable organizations.

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Pitney, Hardin & Skinner*.

For the defendant, *Thomas F. McCran*, attorney-general, and *Francis H. McGee*.

The opinion of the court was delivered by

KATZENBACH, J. Marcus L. Ward, of the city of Newark, died leaving a last will and testament by which he bequeathed to the New Jersey Historical Society the sum of $20,000 and his books and pamphlets valued at $149.90 absolutely and without condition. He also made a like bequest in the sum of $20,000 to the New Jersey Society for the Prevention of Cruelty to Animals.

The state comptroller assessed a transfer tax of five per cent. on the legacies to the New Jersey Historical Society and a like tax on the legacy to the New Jersey Society for the Prevention of Cruelty to Animals. The legatees claim exemption from the transfer tax under the provision of the Transfer Tax act (*Pamph. L.* 1914, *p.* 267) in force at the date of the testator's death, which reads as follows:

"Property passing to churches, hospitals and orphan asylums, public libraries, Bible and tract societies, religious, benevolent and charitable institutions and organizations organized under the laws of this state or operating solely within this state, shall be exempt from taxation under this act."

The writ of *certiorari* under which the case is before us was allowed to review the legality of these assessments.

We will consider, first, the tax assessed against the transfer of the legacy and bequest to the New Jersey Historical Society. This society was incorporated by a special act of the legislature, approved February 14th, 1846. It operates wholly within the state, and is not conducted, either directly or indirectly, for pecuniary profit. Only a reasonable compensation for services actually rendered in carrying out the purpose of its organization is paid to its employes. It owns a building in Newark, storing a library of some thirty thousand volumes. Its by-laws require that its building shall be opened during such hours as may be determined by the library committee. The hours determined by the library committee are from nine A. M. to five P. M., except Sunday and holidays and on Saturdays, when it is closed at noon. Visitors are admitted and non-members may consult books

and manuscripts upon recommendation in writing of a member.

The society contends that the legacies to it are exempted from payment of the tax for the following reasons: (1) That property passing to it is exempt as passing to an educational and, therefore, a charitable corporation under the act; (2) that the property bequeathed to it is exempt as having been bequeathed for a public purpose to a corporation organized for public purposes and, therefore, a charitable organization in the meaning of the act, and (3) that it maintains what is virtually a state public library, and that property passing to it is exempt under the act as passing to a public library.

Were it not for the case of the *Vineland Historical and Antiquarian Society,* decided in the Prerogative Court in this state and reported in 66 *N. J. Eq.* 291, and affirmed in the Court of Errors and Appeals by an equally divided court, we would feel that the property passing under the will of Mr. Ward to the historical society was exempt from the transfer tax as passing to an educational and, therefore, charitable corporation under the act. We, cannot, however, differentiate the present case from the Vineland case. In the Vineland case the ordinary said: "An institution claiming exemption on the ground of its educational character must disclose the objects to which it is bound to devote its property." The charter of the Vineland society gave its objects as follows: "To collect and preserve historical and current accounts of events, persons and inventions, scientific investigations and photographs, drawings, models and specimens, and all other materials of a similar character connected with the interests of Vineland." The charter of the New Jersey Historical Society discloses that the objects are: "To discover, procure, preserve whatever relates to any department of the history of New Jersey, natural, civil, literary or ecclesiastical, and, generally, of such other portions of the United States." The declared objects of the two organizations are thus seen to be practically similar.

In the Vineland case the court said: "There is another contention which has great force. It appears that the legacy given to the society was given without any limitation or condition. The gift, therefore, did not impose on the society any duty with respect to the use of the fund except that which may be inferred from the terms contained in the organization of the society as a corporation. The agreed on facts show that the society now opens its collection to the public under proper regulation. But it does not appear that in the certificate of its incorporation, or by any rule or by-law, the society is bound to maintain the collection open to the public." The legacy given to the New Jersey Historical Society is given without any limitation or condition. The gift, therefore, did not impose on the historical society any duty with respect to its use, except that which may be inferred from the terms contained in the organization of the society as a corporation. While a by-law leaves it to the library committee to determine the hours the library shall be open, yet a by-law can be changed. There is no charter obligation to maintain the library and collection open to the public. In the Vineland case the court further said: "If the objects to which the society's property is devoted are not clearly charitable in the sense of being educational, or if it is not shown to be bound to permit a perpetual public use, I think the exemption ought not to be allowed." The New Jersey Historical Society is not bound by its charter to permit a perpetual public use of its building and contents. By the standards fixed in the Vineland case, we feel that the New Jersey Historical Society has failed to show its right to an exemption from the imposition of the transfer tax. The assessment made by the state comptroller will, accordingly, be affirmed.

The writ has also brought before us, as stated, the transfer tax imposed by the state upon the legacy to the New Jersey Society for the Prevention of Cruelty to Animals. This society was incorporated by a special act of the legislature, passed April 3d, 1868 (chapter 335 of the laws of 1868), for the purpose of enforcement of all laws now or thereafter

enacted for the protection of dumb animals.   The Transfer Tax act excepts property passing to  *  *  *  benevolent and charitable institutions and organizations.   The state contends that the words "benevolent" and "charitable" are limited to those disinterested actions by which human beings confer benefits upon other members of the human family, and do not extend to the considerate and thoughtful treatment of animals by man; that this consideration of animals may result from a benevolent spirit or charitable disposition, but that the word which should have been used is "humane," which is a broader term, and includes · acts of kindness to animals as well as man.   Some cases which are cited appear to sustain this distinction, which would lead to the imposition of the transfer tax.   We feel, however, that this construction of the term "benevolent and charitable" is too narrow, and that a corporation which has been organized for the enforcement of laws for the protection of animals from cruelty is both benevolent and charitable within the meaning of the act.   This view is not unsupported by authorities.   In the case of *Massachusetts Society for the Prevention of Cruelty to Animals* v. *City of Boston, 142 Mass.* 24, a gift to the Massachusetts society was held to be a gift to a "benevolent and charitable" institution.   The language of the Massachusetts statute is the same as the New Jersey act.

In *McCran* v. *Kay,* 93 *N. J. Eq.* 352, a bequest of a trust fund to trustees to establish and maintain a hospital for sick animals, was held to be a good charitable trust. Animals are man's best friends.   Often the pleasantest of recollections is the recollection of a faithful and intelligent dog or horse whose companionship we have enjoyed.   Man is benefited by benefiting animals. . This thought was well expressed in the case of *Coleman's Estate,* 138 *Pac. Rep.* 992 (a gift of a fountain for thirsty animals), where the court said: "Gifts to benefit man through the medium of benefiting animals are good charities."

The transfer tax imposed upon the legacy to the New Jersey Society for the Prevention of Cruelty to Animals is set aside.