12 N.J. Super. 369 (1951)
79 A.2d 710
BURLINGTON COUNTY TRUST COMPANY, A CORPORATION, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ANNA C. BIEHLER, DECEASED, PLAINTIFF,
v.
NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS CAMDEN COUNTY BRANCH, CAMDEN COUNTY BRANCH NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, ABNER G. BUDELMAN, PRESIDENT OF THE NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, AND THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 7, 1951.
*370 Mr. John P. Lippincott, attorney for plaintiff.
*371 Mr. Joseph Tomaselli, attorney for defendants Camden County Branch New Jersey Society for the Prevention of Cruelty to An imals and Abner G. Budelman, President of the New Jersey Society for the Prevention of Cruelty to Animals, (Messrs. Malandra & Tomaselli, attorneys).
HANEMAN, J.S.C.
The facts in connection herewith are stipulated as follows:
"It is hereby stipulated by and between John P. Lippincott, Attorney for the Plaintiff, and Malandra & Tomaselli, Joseph Tomaselli appearing, Attorneys for the Defendants, Camden County Branch New Jersey Society for the Prevention of Cruelty to Animals and Abner G. Budelman, President of the New Jersey Society for the Prevention of Cruelty to Animals, that the above cause of action be submitted to the Court for determination upon the following agreed statements of facts:
1. On June 22, 1947, Anna C. Biehler died, having first made, executed and published her last will and testament in writing, bearing date January 29, 1946, and thereafter duly proved before the Surrogate of Burlington County at Mount Holly, New Jersey, on July 3, 1947, and recorded in said Surrogate's office in Book 88 of Wills, page 193. A true copy of said last will and testament is attached hereto and intended to be incorporated herein.
By Paragraph Second (h), testatrix provided as follows:
`Second: (h) I direct my said Trustee that after the payment of the above annual bequests from the income of my estate after expenses, commissions and proctor fees, shall be equally divided and paid one-half to the Camden County District Society for the Prevention of Cruelty to Animals to be applied to the general purposes of said Society and request that so far as the Society possibly can that they take care of any animals from Burlington County.'
2. Plaintiff, Burlington County Trust Company, qualified as trustee under said last will and testament and entered upon its duties as said trustee, and has in its possession and control as trustee, approximately the sum of $79,905.02 representing the net corpus of said trust estate. Plaintiff also has in its hands, the income directed to be paid according to Paragraph Second (h) of the last will and testament of testatrix, Anna C. Biehler.
3. On June 22, 1947, the date of testatrix' death, there existed an organization known as `New Jersey Society for the Prevention of Cruelty to Animals Camden Branch,' (one of the defendants in this cause) which organization was created by a certificate of authority issued June 4, 1946, by the president of the New Jersey Society for the Prevention of Cruelty to Animals in accordance with the authority conferred by `An Act to Incorporate the New Jersey *372 Society for the Prevention of Cruelty to Animals,' approved March 21, 1873, and the various amendments and supplements thereto. Thereafter, the organization known as `New Jersey Society for the Prevention of Cruelty to Animals Camden County Branch' was incorporated in accordance with the provisions of the aforesaid statute by a certificate of incorporation dated June 25, 1946, and recorded on that date in the office of the Clerk of Camden County in Book 81 of Corporations, page 274. At the date of testatrix' death, New Jersey Society for the Prevention of Cruelty to Animals Camden County Branch was the only authorized organization for the prevention of cruelty to animals existing and functioning in Camden County.
4. On July 30, 1948, defendant Abner G. Budelman, President of the New Jersey Society for the Prevention of Cruelty to Animals directed a letter to Edward C. Gardner, President The New Jersey S.P.C.A., Camden County Branch, which letter was received by the said Edward C. Gardner as president and on behalf of the defendant, New Jersey Society for the Prevention of Cruelty to Animals Camden County Branch, and reads as follows:
 `The New Jersey Society for the
 `Prevention of Cruelty to Animals
 `102 North Fourth Street, Newark 7, N.J.
 `Mr. Edward C. Gardner, President
 The New Jersey S.P.C.A., Camden County Branch,
 Runnemede, N.J.
Dear Mr. Gardner:
`You are hereby advised that the current Charter of The New Jersey Society for the Prevention of Cruelty to Animals, Camden County Branch, is revoked for cause, pursuant to Section 4:22, Article 5, State Laws of New Jersey.
`Kindly deliver the Charter, all papers, records and books to this office that an audit may be made.
 `Very truly yours,
 `The New Jersey S.P.C.A.
 `Abner G. Budelman, President.'
Thereafter, on September 14, 1948, defendant, Abner G. Budelman, as president of the New Jersey Society for the Prevention of Cruelty to Animals, issued and delivered a certificate of authority to the persons named therein, of which Kathryn G. Miller is styled as President, Joseph Tomaselli, Vice President, Elsie C. Robertson, Secretary, and Raymond Crawford, Treasurer, conferring upon said officers and other persons styled as directors, authority to organize a branch society in Camden County for the purpose of enforcement of all laws then enacted or thereafter to be enacted for the protection of dumb animals. In pursuance of said authority, a society was organized and became incorporated under the name of Camden County Branch New Jersey Society for the Prevention of Cruelty to Animals, by a certificate of incorporation *373 dated September 20, 1948, and recorded in the office of the Clerk of Camden County in Book 85 of Corporations, page 257; and this society is one of the defendants in this cause."
For some years prior to June 4, 1946, there had existed an association known as the Camden County District New Jersey Society for the Prevention of Cruelty to Animals (hereafter referred to as District Society), which association dissolved and was succeeded by the New Jersey Society for the Prevention of Cruelty to Animals Camden County Branch (hereafter referred to as Camden Branch 1). A large portion of the membership of District Society became members of Camden Branch 1 when the former ceased to exist.
Subsequent to July 30, 1948, Camden Branch 1 "ceased to function, in conducting any meetings or doing any work for animals in Camden County," and was succeeded by Camden County Branch New Jersey Society for the Prevention of Cruelty to Animals (hereafter referred to as Camden Branch 2). A large portion of the membership of Camden Branch 1 became members of Camden Branch 2 when the former ceased to exist. A number of officers of the three associations became officers successively as each new association came into being,  as an example, Mrs. Kathryn Miller was a director of District Society, treasurer of Camden Branch 1 and president of Camden Branch 2. To all intents and purposes, Camden Branch 2 is the District Society. One association went out of existence with the avowed purpose of creating the successor in the order here set forth.
Notice of the legacy here involved was mailed to District Society, which was not then in existence, which notice was received by Camden Branch 1. With the knowledge thereof, they ceased to function and were succeeded by Camden Branch 2, which the members considered identical with the two preceding associations, except for the change in name. No request or demand has been made by any of said organizations except Camden Branch 2.
There is now only one organization functioning in Camden County for the prevention of cruelty to animals, i.e., Camden *374 County Branch New Jersey Society for the Prevention of Cruelty to Animals.
The questions involved are as follows:
1. What person, persons, corporation or unincorporated association did testatrix intend to receive the fund bequeathed under Paragraph Second, sub-section (h) of her last will and testament?
2. Does the bequest under Paragraph Second, sub-section (h) of testatrix' last will and testament violate the rule against perpetuities?
3. Was the intended recipient of the fund in existence at the date of the death of said testatrix, and if so, is said recipient still in existence and capable of receiving said fund?
4. If said intended recipient is not in existence, then should this court exercise the doctrine of cy pres and adjudge the fund to be paid to the defendant, Camden County Branch New Jersey Society for the Prevention of Cruelty to Animals?
The most important question involved is whether this provision is for a charitable purpose. The answer to the question is that it was for a charitable purpose. McCran v. Kay, 93 N.J. Eq. 352 (Ch. 1921); Pitney v. Bugbee, 98 N.J.L. 116 (Sup. Ct. 1922). The will created a trust not for charitable purposes generally, but for the benefit of a particular charity, i.e., the prevention of cruelty to animals.
In view of the above holding that this is a charitable trust, there is no violation of the rule against perpetuities. "A charitable trust is not invalid because it is to continue for an indefinite time where the trust fund vests immediately." Restatement of the Law, Trusts, sec. 365; Young Men's Christian Assn. v. Appleby, 97 N.J. Eq. 95 (Ch. 1924), 127 A. 25, affirmed, 98 N.J. Eq. 704 (E. & A. 1925), 130 A. 921; Conway v. Third National Bank & Trust Co. of Camden, 118 N.J. Eq. 61 (Ch. 1935), modified 119 N.J. Eq. 575 (E. & A. 1935).
There cannot be any doubt that testatrix did not intend that the "New Jersey Society for the Prevention of Cruelty to Animals Camden County Branch" should be the specific cestui que trust under Paragraph Second, sub-section *375 (h) of her will. This "Society" was not even in existence at the time of the execution of her will. She did, however, patently have in mind some organization with similar avowed purposes, a number of which had from time to time existed in Camden County.
The facts concerning the status of Camden Branch 1 is analogous to the situation existing in Morristown Trust Co. v. Morristown, 82 N.J. Eq. 521 (Ch. 1913), where the court said:
"In Brown v. Condit, 70 N.J. Eq. (4 Robb.) 440, Vice-Chancellor Stevenson dealt with bequests to legatees who were not in existence either at the date of the will or at the date of the testator's death, and held that in either of those two cases the legacy, even though charitable, would lapse, and the amount thereof would fall into the residue. In the case at bar, the legatee did not go out of existence until about eight months after the testator's death; the members then having full knowledge of the bequest, voluntarily dissolved, although it might possibly have continued its existence and in some way have taken advantage of the bequest. This action of the legatee seems to have the effect of a rejection of the legacy, and, if so, is the fund to be administered cy pres, or does it fall into the residue?"
Camden Branch 1 is, to all intents and purposes, incapable of administering and accomplishing testatrix' desired charitable purpose.
This court will not permit a charitable trust to fail for lack of an existing competent trustee to administer it. Since the Camden County Branch New Jersey Society for the Prevention of Cruelty to Animals is the only organization in Camden County qualified to execute the purposes expressed in the will sub judice, the cy pres doctrine will be invoked and the trustee directed to treat it as the beneficiary as if so named in the will. Rowe v. Davis, 138 N.J. Eq. 122 (Ch. 1946); MacKenzie v. Trustees of Presbytery of Jersey City, 67 N.J. Eq. 652 (E. & A. 1904); Restatement of the Law, Trusts, Sec. 399, j., k.; Nichols v. Newark Hospital, 71 N.J. Eq. 130 (Ch. 1906); Conway v. Third National Bank & Trust Co. of Camden, 118 N.J. Eq. 61 (Ch. 1935), modified 119 N.J. Eq. 575 (E. & A. 1935).
Judgment will be entered accordingly.