17 N.J. Super. 398 (1952)
86 A.2d 138
BANKERS TRUST COMPANY, SURVIVING EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIAM J. BERG, DECEASED, PLAINTIFF,
v.
NEW YORK WOMEN'S LEAGUE FOR ANIMALS, A CORPORATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 18, 1952.
*400 Mr. Everett M. Scherer for the plaintiff (Messrs. Riker, Emery & Danzig, attorneys).
Mr. Ernest L. Quackenbush for the defendant New York Women's League for Animals.
Mr. Alfred C. Clapp for the defendants Geisse Fuguet and Dorothy K. Fuguet as executrix, etc.
Mr. Maurice E. Gold for Mr. J. Albert Homan, appointed to represent unknown defendants and as guardian ad litem for unknown infant defendants.
FREUND, J.S.C.
The plaintiff, sole surviving executor of the estate of William J. Berg, deceased, filed this proceeding for construction of the decedent's will. The main problem pertains to the following bequest of the residuary estate contained in paragraph 13 of Article III of the will:
"* * * up to Two Hundred Thousand Dollars ($200,000.) (free of tax), I give, devise and bequeath unto the NEW YORK WOMEN'S LEAGUE FOR ANIMALS, INC., a corporation organized under the laws of the State of New York, it being my desire that this money should be used for the purchase of a farm in a rural district which shall be used for the care of animals that may come under its care."
Paragraph 14 of the same Article provided for disposition of the residuary estate in excess of $200,000, but that contingency did not arise.
*401 The decedent's wife predeceased him; no children had been born of the marriage and he was not survived by any heir-at-law or next-of-kin capable of inheriting.
The plaintiff alleges that the residuary estate will not reach the sum of $200,000; that it now amounts to about $55,000 and will be increased by approximately $30,000 upon the termination of another trust. The legatee, New York Women's League for Animals, Inc., hereinafter called the "League," has advised the plaintiff that it will not accept the legacy if it must be used as the testator specified, because the purchase and maintenance of a farm for animals would require it to embark upon a new project and might involve expense much greater than the available fund; but it is willing to accept without limitation or condition for the general purposes of its organization, which include the maintenance of a hospital for the treatment of sick and homeless animals in the City of New York. The decedent had been for many years on the finance committee of the league and both he and his wife had made contributions to it.
The league contends that the expressed desire of the testator as to the use of the legacy was merely precatory; that the testator did not intend to impose a condition or limitation. On the other hand, the surviving contingent residuary beneficiaries claim that the testator's language constitutes a mandatory direction and that since the league refuses to accept the gift so conditioned, the trust must fail; that the doctrine of cy pres is inapplicable and that they have become entitled to the entire residuary estate. The State of New Jersey was made a party defendant because of the possible escheat of the property in accordance with the provisions of R.S. 2:53-15 et seq. Pursuant to Rule 3:17-3, a guardian ad litem was appointed to represent unknown defendants or persons not in being who might have an interest in the proceeding, and the attorney on his behalf asserts that the testator having failed to provide for the contingency of the legatee's refusal to accept the bequest *402 subject to the condition, intestacy has occurred and, therefore, the fund escheats to the State.
These then are the issues: Is the "desire" of the testator that the residuary bequest be used for the purchase of a farm in a rural district a mandatory direction? If so, what is the effect of the refusal of the legatee to accept it because it considers the fund insufficient? Does the cy pres doctrine apply or did the testator die intestate with respect to the fund? If the latter, do the contingent residuary legatees take or does the fund escheat to the State?
The testator bequeathed $170,000 to his wife's relatives. He made gifts to his servants and employees. His general charitable intent looms large from various bequests to charitable causes and civic enterprises. Thus, he bequeathed $10,000 to Life's Fresh Air Fund; $10,000 to Tribune Fresh Air Fund; $5,000 to Grace Episcopal Church, Nutley, New Jersey; $5,000 to Nutley Social Service Bureau; $5,000 to Nutley Memorial Parkway; $5,000 to the Woman's Club of Nutley; $5,000 to First Church of Christ Scientist of Orange, New Jersey; $10,000 to the New York Association for the Blind. Furthermore, he manifested an extraordinary interest in animals. Under paragraph 1 of Article III of the will he made a general bequest of $10,000 to the league. In another paragraph he set up a trust fund of $20,000 for the care of his own pets, but unfortunately for them they did not live to enjoy the benefits. As previously stated, he then gave his residuary estate to the extent of $200,000 to the league for the purchase of a farm for animals.
Does testator's "desire" regarding the use of the residuary bequest constitute a precatory expression or a mandatory direction? Although willing to accept the legacy for its general purposes, the league declines to accept it with condition or limitation because it deems the fund insufficient. The contingent residuary legatees, in support of their contention that the direction is imperative, argue that the English rule has been followed in this State, that "when, by will, property is given absolutely to a person, and the same person is, by the *403 giver, `recommended,' `entreated,' `requested' or `wished' to dispose of that property in favor of another, the recommendation, request or wish is held to be imperative, and to create a trust, if the subject and objects are certain." Eddy v. Hartshorne, 34 N.J. Eq. 419 (Ch. 1881); Wood v. Camden Safe Deposit Co., 44 N.J. Eq. 460 (Ch. 1888); Deacon v. Cobson, 83 N.J. Eq. 122 (Ch. 1914); Ryder v. Myers, 113 N.J. Eq. 360 (Ch. 1933), affirmed 115 N.J. Eq. 169 (E. & A. 1934); First-Mechanics National Bank, &c., v. First-Mechanics National Bank, &c., 137 N.J. Eq. 106 (Ch. 1945). However, after stating the rule, Clapp, in his work on Wills and Administration, New Jersey Practice, vol. 6, sec. 264, says at page 12:
"Though recognized in lower court decisions, the rule has never been expressly passed upon by the Court of Errors and Appeals. * * * The rule is contrary to that accepted by the overwhelming majority of the courts in the United States and has been overruled in England. According to the majority view precatory expressions are held not to carry the force of command; to determine whether the testator intended to impose enforceable duties, one must not strain his words but look to manifestations of intention, contained in the will construed under general principles."
This majority view has recently been followed by the Supreme Court in Marx v. Rice, 1 N.J. 574 (1949), where it was contended that the word "request" was used in the mandatory sense. Mr. Justice Ackerson said, at page 582:
"We do not so interpret the will, for such construction would do violence to language which is free from doubt. * * * The word `request' was not used here in a mandatory sense. It may be used as a command or an entreaty depending upon the context in which the word is inserted, and the circumstances attendant upon its use. However, the real test is whether or not the testator intends, by his language, to control the disposition of his property. 1 Page on Wills, sec. 91, page 199. We conclude that here it was not so intended."
See also Scott on Trusts, sec. 25.2, page 155.
Moreover, the situation in this case does not fall within the class of cases where the English rule has been applied. *404 It is entirely different. Here, we do not have an absolute bequest to a person who is requested to dispose of the property to another. Instead, we have a bequest to a charitable institution with the expression of the "desire" of the donor that it be devoted to a particular purpose.
Was it the testator's intention that his "desire" be regarded as precatory or conditional? To ascertain this, the entire will is to be read and interpreted; the word "desire" is neither to be unduly emphasized nor casually regarded; it is to be considered in its context.
It is significant that the testator made two bequests to the league and clearly distinguished between them. The one for $10,000 was general and absolute; the residuary he desired should be used for the purchase of a farm in a rural district for the care of animals. To give the residuary bequest to the league without condition and to permit it to be used as a general bequest would not only disregard, but actually violate the testator's manifest intention. Under the facts of this case, the testator's desire cannot be ignored.
The league's refusal to accept the residuary bequest with the condition because it deems the fund insufficient does not cause a failure of the trust, but rather presents an appropriate case for the application of the cy pres doctrine. A trust for the care of animals is charitable in nature. McCran v. Kay, 93 N.J. Eq. 352 (Ch. 1921); Pitney v. Bugbee, 98 N.J.L. 116 (Sup.Ct. 1922), affirmed 98 N.J.L. 889, 892 (E. & A. 1922); More Game Birds in America, Inc., v. Boettger, 125 N.J.L. 97 (Sup. Ct. 1940); Burlington County Trust Co. v. N.J. Society for the Prevention of Cruelty to Animals, Camden Co. Branch, 12 N.J. Super. 369 (Ch. Div. 1951); 2 Restatement, Trusts, sec. 374(c), page 1155.
The dominant purpose of the testator was to create a charitable trust, and the designation of the league was but a means to an end. The testator's intent was the care of animals on a farm in a rural district. The general rule is stated in 2 Restatement of the Law, Trusts, sec. 399:
*405 "If property is given in trust to be applied to a particular charitable purpose, and it is or becomes impossible or impracticable or illegal to carry out the particular purpose, and if the settlor manifested a more general intention to devote the property to charitable purposes, the trust will not fail but the court will direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor. * * * g. Amount insufficient for intended purpose. If property is given in trust for a particular charitable purpose and the amount given is so small that it is impossible to accomplish the purpose with the amount so given, the intended trust fails if, but only if, the settlor manifested an intention to restrict his gift to the particular purpose which he specified."
The principle stated is the doctrine of cy pres or approximation.
The foregoing general rule is well imbedded in our law and the doctrine has been applied in many cases involving a variety of charitable trusts. MacKenzie v. Trustees of Presbytery of Jersey City, 67 N.J. Eq. 652 (E. & A. 1905). Brown v. Condit, 70 N.J. Eq. 440 (Ch. 1905). Nichols v. Newark Hospital, 71 N.J. Eq. 130 (Ch. 1906). Christian v. Catholic Church of Saint John the Baptist, 91 N.J. Eq. 374 (Ch. 1920). In re Young Women's Christian Association, 96 N.J. Eq. 568 (Ch. 1924), Cuthbert v. McNeill, 103 N.J. Eq. 184 (Ch. 1928), affirmed 104 N.J. Eq. 495 (E. & A. 1929). Patton v. Pierce, 114 N.J. Eq. 548 (Ch. 1933), which involved a fund insufficient to establish a home for aged men; the fund was divided equally between two established homes for the aged in Paterson, to be devoted exclusively to the care of men. Parker v. Fidelity Union Trust Co., 2 N.J. Super. 362 (Ch. Div. 1944). Rowe v. Davis, 138 N.J. Eq. 122 (Ch. 1946). Cinnaminson Library Ass'n. v. Fidelity-Philadelphia Trust Co., 141 N.J. Eq. 127 (Ch. 1948), which involved a bequest to a library association, which was not in existence, to be used toward the construction of a library building; the fund was divided between two existing library associations serving the Cinnaminson area, for the purchase of and circulation of books. Wilber v. Asbury Park National Bank, &c., 142 N.J. Eq. 99 (Ch. 1948), affirmed 2 N.J. 167 (1949). Mirinda v. King, 11 N.J. Super. 165 (App. Div. *406 1951), where a bequest was not accepted with the condition imposed upon it; the court reserved distribution of the fund until submission of qualified institutions whose objects were within the framework of the bequest. 2 Restatement, Trusts, sec. 381; 3 Scott on Trusts, secs. 399, 399.2; 2 Bogert, Trusts and Trustees, sec. 438. Annotation, Charitable trust as affected by insufficiency of assets, 169 A.L.R. 266.
The case of Shannon v. Eno, 120 Conn. 77, 179 A. 479 (Sup. 1935), is directly in point. There, the testatrix bequeathed the sum of $2,000 "for the purpose of founding and supporting a Cattery, to be situated in or near Ansonia, for the care of homeless animals and boarders." The sum was admittedly insufficient to carry out the purpose in exact accord with the language of the provision. There was no institution located in or near Ansonia for the care of such animals. Applying the doctrine of approximation, the court awarded the fund to the Connecticut Humane Society, which maintains shelters for animals at other points within the state. On appeal, Chief Justice Maltbie found, however, that the provision in the judgment that the fund should be used for the general purposes of the society was too broad in view of the fact that the society in addition to caring for animals devoted a considerable portion of its funds to the protection of neglected children. Therefore, he directed that the judgment "be modified to restrict the use of the money to the care and protection of such animals as the testatrix had in mind; and, on further hearing, it might appear to be possible to provide that the income of the fund should be devoted toward the maintenance by the society of an institution intended for their protection and care in the general vicinity of Ansonia."
In my judgment, the testator's purpose will be effectuated as nearly as possible by awarding the fund to one or more existing charitable institutions or organizations among whose objects is the care of animals and which maintain or are willing to purchase a farm in a rural area for such care. Until the name or names of such qualified organization or *407 organizations shall be submitted to and approved by the court, the distribution of the residuary bequest will be reserved.